Rockingham,
June 1, 1948.
No. 3732.

ALICE KROOK, *by her father and next friend,* JOSEPH KROOK

*v.*

ADOLPH BLOMBERG.

*William H. Sleeper* and *Robert Shaw* (*Mr. Shaw* orally), for the plaintiff.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the defendant.

KENISON, J. As early as 1860 and quite consistently since that time it has been the practice in this state " . . . that the court may make such orders in each case, from time to time, as justice may require." *Deming* v. *Foster*, 42 N. H. 165, 179; *LaCoss* v. *Lebanon*, 78 N. H. 413, 417; *Dame* v. *Seaward, ante,* 125. The rationale of our practice has been well expressed in *Taylor* v. *Thomas*, 77 N. H. 410, 411: "But as the law is now administered, there is no such thing as property in a piece of evidence. It is now universally recognized that the object of a trial is to ascertain the truth by rational means. The sporting theory—the theory that a judicial trial is a game to be

played according to certain rules—has no more place in the present conception of the administration of justice than has the wager of battle." The use of depositions, discovery, physical examinations and pre-trial procedure (Superior Court Rule 48, 93 N. H. Appendix) are customary examples of "rational means" to discover some of the truth before trial. They enable court, counsel and the parties to have a more intelligent grasp of the issues to be litigated and the modern trend is to encourage such practices.

Whatever may have been the rule formerly, it is quite clear now that the right of a court to order the physical examination of a plaintiff in a personal injury action violates no constitutional privilege and is a procedural matter to be passed upon in the discretion of the Trial Court. *Sibbach* v. *Wilson & Co.*, 312 U. S. 1; 8 Wig. Ev. (3rd ed.) *s.* 2220 B (Supp., *supra*, note 13). Since the court has the inherent discretionary power to order a physical examination, the absence of a statute is not fatal to the exercise of that power. Such is the rule supported by the great weight of authority. 51 A. L. R. 184; 108 A. L. R. 142. In support of its third assignment of error, the plaintiff relies on *Stack* v. *Railroad*, 177 Mass. 155 and 17 Am. Jur. 51, note 20. This represents a minority view which is inconsistent with present day practice and procedure and is therefore not followed. The Presiding Judge had full opportunity to gauge to what extent, if any, plaintiff's rights would be prejudiced by his order and has decided that question adversely to the plaintiff. There appears to be no abuse of discretion in this ruling. The plaintiff's rights may be fully protected by cross-examination of the physician and the plaintiff's physician could be present at the physical examination.

*Exceptions overruled.*

All concurred.