ROSE DAVIS et al., Plaintiffs, *v.* S. KLEIN ON THE SQUARE, INC., Defendant.

Supreme Court, Special Term, Queens County, August 14, 1962.

*Herbert J. Slater* and *Paul M. Mintz* for plaintiffs. *Bernard Helfenstein* for defendant.

JAMES A. ROE, JR., J.   On April 6, 1962, the defendant served a notice for the physical examination of the plaintiff, Rose Davis, pursuant to paragraph 1 of article II of the Revised Calendar Rules of the Second Department (Special Rule for the Courts in All Counties Within the Second Judicial Department, Requiring Physical Examinations and Exchange of Medical Information), and for the exchange of medical information, pursuant to paragraph 2 of the said article.   Thereafter, plaintiffs moved to vacate this notice so as to substitute an impartial medical specialist chosen by the court.

The order dated June 4, 1962, granting the motion provided, *inter alia*: " ORDERED, that in the event counsel are unable to agree upon a suitable date, defendant's counsel may fix a date and hour satisfactory to said physician, and it is further ".

Without consulting or informing the defendant's attorney, plaintiff appeared for examination by the physician designated by the court on June 18, 1962.   She brought with her a letter from her attorney, dated June 15, 1962, which summarized the terms of the court's order.   A copy of this letter was never sent to the defendant's attorney.

On June 20, 1962, two days subsequent to the examination, defendant, without knowledge that the plaintiff had already been examined, obtained an order to show cause for leave to reargue plaintiffs' motion and, upon reargument, to deny it and reinstate the defendant's original notice.   The basis for reargument is that the Revised Calendar Rules, pursuant to which the notice was served, do not provide for the appointment of an impartial physical examiner by the court, but that a modification or vacatur of the notice is contemplated where the time and place fixed therein or the physician named are objectionable.

Inasmuch as defendant moved promptly for reargument and the physical examination that was conducted was violative of the court's order, reargument is granted.

Upon reargument, it is evident that the court mistakenly believed that the examination was sought pursuant to section 306 of the Civil Practice Act, which has been interpreted as requiring the appointment of an impartial examining physician designated by the court and not by any party.   (*Ponzi* v. *City of New York,* 269 App. Div. 949.)   Paragraph 1 of article II of the rules here invoked contemplates that the party conducting a physical examination of another should have the right to designate the examining physician, whether the party to be examined or the examining party demands the examination.   Said subdivision provides that if notice of examination is " served by any party other than the party to be examined, *the notice shall name*

*the examining physician or physicians.* If the notice is served by the party to be examined, the *examining parties* shall, within five days of receipt thereof, *submit to the party to be examined the name of the physicians who will conduct the examination.*" (Emphasis supplied.)

While the rule provides that any party may move to modify or vacate the notice naming the examining physicians on the ground that the physician named is objectionable, that provision clearly implies that upon such a motion the objecting party should demonstrate some valid objection to the physician designated in the notice. A party may not thwart the rule by an unreasonable objection or merely because, as here, the defendant has named the examining physician. It would seem, also, that even if the moving party had a valid objection to the other party's choice of physician, the court would give that other party an opportunity to name another physician.

In a conference held in chambers, counsel for the plaintiffs indicated that he would object to any physician named by the defendant even if he were afforded an opportunity to choose from a list of as many as 15 or more physicians suggested by the defendant. In view of this attitude and the plain language of the rule, there is no reason to vacate or modify the defendant's original notice and the plaintiffs' motion to do so is denied. The order dated June 4, 1962, is vacated on condition, as agreed to by the counsel for the defendant, that the defendant pay the fee of the physician who has already examined the plaintiff pursuant to this order.

The plaintiff will be examined by the physician named in the defendant's notice on a date and at a time to be fixed in the order. Said date shall be not less than 30 nor more than 40 days after this decision appears in the *New York Law Journal.* The plaintiff Rose Davis will also comply with paragraph 2 of article II of the rule.