No. 22434.

WILLIAM TIMPTE *v*. THE DISTRICT COURT IN AND FOR THE
CITY AND COUNTY OF DENVER, STATE OF COLORADO;
HONORABLE GERALD E. MCAULIFFE, JUDGE OF SAID COURT;
AND SUE ELLEN JACOBS.
(421 P.2d 728)

Decided December 27, 1966.

Duane O. Littel, Ronald C. Hill, for petitioners.

Frickey & Morrissey, for respondents.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

In two separate complaints the plaintiffs each claimed damages for personal injuries arising out of separate automobile accidents. The defendants each filed motions in their respective cases under R.C.P. Colo. 35 requesting physical examinations of the plaintiffs, since the physical condition of the plaintiffs was in issue. In each case, the trial judge stated that he would not require the plaintiffs to submit to physical examinations by doctors selected by the defendants, since the plaintiffs had each objected to the defendants' selections. The trial court then went on to say that it would require counsel for each side to submit a list of three names of acceptable physicians. From these six names the trial court proposed to select a physician to perform the examination. The defendants refused to submit a list, and joined in filing a petition seeking a writ of prohibition. We granted a rule to show cause.

We must determine for the first time in Colorado

whether under Rule 35, a defendant has the right to designate the examining physicians in the absence of a showing of bias or prejudice on the part of that physician, or whether a trial court may, in its sole discretion, appoint a physician chosen by it. The reported cases are divided with respect to this question, although no case which we have found supports the action which the trial judge took here in permitting the plaintiffs as well as the defendants to submit a list of doctors from which the trial court would select a so-called "neutral" physician.

Our Rules of Civil Procedure were adopted to aid the truth-ascertaining process of the courts, but, as yet, it has nowhere been held that the purpose of such rules is to eliminate the adversary system as the foundation of the American judicial process. So long as a plaintiff may select his own doctor to testify as to his physical condition, fundamental fairness dictates that a defendant shall have the same right, in the absence of an agreement by the parties as to who the examining physician will be. See *Davis v. S. Klein on the Square, Inc.,* 35 Misc.2d 981, 231 N.Y.S.2d 460 (Sup. Ct.); *Gale v. National Transp. Co., Inc.,* 7 F.R.D. 237 (S.D. N.Y.); 2A Barron & Holtzoff, *Federal Practice and Procedure,* § 822.

This right is, of course, subject to protective orders by the trial court such as, among others; those limiting the number of doctors who may examine; those providing who may be present at the examinations, including plaintiffs' attorneys if the court deems it wise; and those setting the time, type, place, scope and conduct of the examination. Moreover, the court may, upon a finding, sustained by a showing, of bias and prejudice, reject a particular physician and order the defendant to submit the names of other physicians.

It is suggested that certain doctors testify only for the defense in matters of personal injury, and that that in itself suggests bias and prejudice and demands

disqualification of such a doctor to make examinations and testify. We do not agree. Such matters are relevant only as to weight and credibility, and cross-examination upon this subject affords full protection to the plaintiff's rights. See *Krook v. Blomberg*, 95 N.H. 170, 59 A.2d 482.

The order of the court requiring both parties to submit names of physicians from whom the trial court will select the examining physicians is vacated, the rule is made absolute, and the trial court ordered to proceed in a manner not inconsistent with this opinion.