Joan S. **STUART**, Plaintiff,

v.

Carolyn S. **BURFORD**, Defendant.

Civ. No. 6619.

United States District Court
N. D. Oklahoma.

Sept. 7, 1967.

See also D.C., 264 F.Supp. 191.

Va.1963) is not supported by the cases cited therein.

592

plaintiff. The plaintiff has not resisted a physical examination but objects to a mental examination stating that she is not suffering from a mental disease and her mental condition is not in controversy. The defendant responds pointing out the plaintiff's claim for money damages for alleged "emotional distress", "mental anguish", and injury to plaintiff's "personal health, welfare and well-being." This litigation is based on an alleged invasion of the plaintiff's right of privacy with no physical contact type of injury or damage involved.

The good cause requirement for a physical examination is not contested. However, the defendant in nominating a doctor for a physical examination selected one from Oklahoma City, Oklahoma, whereas the plaintiff resides in Tulsa, Oklahoma. The action of plaintiff is pending in the United States District Court for the Northern District of Oklahoma, whereas the Oklahoma City doctor is situated in the Western District of Oklahoma. Some 118 miles separates the two cities.

An examination, physical or mental, under Rule 35, is allowed in the discretion of the Court. The Court exercises full discretion in regulating examinations. No absolute right to the choice of a doctor is expressed in Rule 35. Italia (E.D.N.Y.1939) 27 F.Supp. 785; Bucher v. Krause (7th Cir. 1953), 200 F.2d 576, cert. denied 345 U.S. 997, 73 S.Ct. 1141, 79 L.Ed. 1404.

The doctor in Oklahoma City selected by the defendant is an internist and diagnostician. There are over 40 such doctors practicing in Tulsa. Under Rule 45(e) (1) F.R.Civ.P., 28 U.S.C.A. the Oklahoma City doctor selected by the defendant may not be required to appear in court in person pursuant to subpoena.

First, with reference to the defendant's motion for a physical examination, the Court in its discretion and in the

————◆————

Irving E. Ungerman, E. J. Doerner, Tulsa, Okl., for plaintiff.

Charles R. Nesbitt, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

The defendant has requested both a physical and mental examination of the

circumstances present in this case, feels that such an examination should be conducted by a doctor in Tulsa or vicinity where the plaintiff resides and where the action is pending. No good cause has been shown for a physical examination of the plaintiff by this type of doctor outside the Judicial District where the action pends. It is therefore directed that the defendant nominate an internist or diagnostician in Tulsa or vicinity for consideration of the Court in ordering a physical examination of the plaintiff.

■ Next, with reference to defendant's request that she have a mental examination of the plaintiff, the Court is not fully satisfied that the mental condition of the plaintiff is in controversy or that good cause has been shown for such an examination as required by Rule 35, F.R.Civ.P., 28 U.S.C.A. In the discretion of the Court and in exercising such discretion in regulating the examination, the Court will defer at this time the granting of an order for a mental examination of the plaintiff. The Court desires expert advice as to whether in the circumstances of this case the plaintiff should also be examined by a psychiatric doctor as requested by the defendant. After the physical examination of the plaintiff has been ordered and conducted, in keeping with the above procedure, the Court will entertain a verified report of the doctor conducting such physical examination as to the professional need in his medical judgment, in view of the claims of the plaintiff for damages for emotional distress and mental anguish and his physical examination, for the services of a psychiatrist to conduct a mental examination to supplement his physical examination. In this connection, the Court notes the statements of counsel for the plaintiff in open court to the effect that the plaintiff did not intend to use a psychiatrist in her case in chief and steadfastly maintains that she is not suffering from a mental psychosis, mental aberration or other mental disease and that plaintiff's mental condition is not in controversy in this litigation.

Following the physical examination of the plaintiff, if the defendant demonstrates that the plaintiff's mental condition is in controversy and good cause exists for a mental examination supported by medical evidence as above outlined, the Court will give consideration at that time to the defendant's motion for a mental examination of the plaintiff.