Argued October 9, 1968, affirmed June 11, 1969

# BRIDGES, *Appellant, v.* WEBB, *Respondent.*

455 P2d 599

*Randolph Slocum,* Roseburg, argued the cause and filed briefs for appellant.

*Robert H. Grant,* Medford, argued the cause for respondent. On the brief were Kelly, Grant & Cooney.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER,* Justices.

---

* Mengler, J., did not participate in the decision of this case.

McALLISTER, J.

This is an action for damages for personal injuries allegedly sustained by plaintiff when her car was struck from behind on a private parking lot. The jury found in favor of defendant and plaintiff appeals.

Plaintiff contends that the court erred in requiring plaintiff to submit to a physical examination by a doctor selected by defendant and in permitting that doctor to testify at the trial.

The parties live in or near Roseburg, where the accident occurred. Plaintiff was attended by a Roseburg doctor. Defendant requested plaintiff to submit to a physical examination by Dr. Burich of Medford, but plaintiff refused unless ordered to do so by the court. Defendant then applied to the court for an order requiring plaintiff to submit to an examination by the doctor selected by him. The plaintiff objected to an examination by Dr. Burich on two grounds: (1) that Dr. Burich was biased and customarily conducted examinations for the defendant, and (2) that an adequate examination could be had in Roseburg.

The court ordered plaintiff to submit to an examination by Dr. Burich, who examined plaintiff and testified at the trial concerning his findings.

■■ The trial court did not err in requiring the plaintiff to submit to an examination by the doctor selected by defendant. A damage action is an adversary proceeding and it is not unfair to permit each adversary to have an expert witness in whom he has confidence. Plaintiff's reasons for objecting to an examination by Dr. Burich were not substantial. No objection was made to Dr. Burich's professional com-

petence nor to the manner, scope, or conditions of the proposed examination.

Plaintiff relies on a dictum in *Carnine v. Tibbetts,* 158 Or 21, 34, 74 P2d 974 (1937), in which this court said that if plaintiff objected to "the doctor suggested by the defendant, the court should designate some physician of competent skill, indifferent between the parties." We think that dictum taken literally unduly restricts the right of the trial court to provide both parties with an equal opportunity to establish the truth. In the absence of a valid objection we think a defendant is entitled to have a plaintiff examined by a doctor in whom defendant has confidence and with whom he can consult. See 2A Barron and Holtzoff, Federal Practice and Procedure (Rules ed) 482, § 822. See, also, 8 Wigmore on Evidence (McNaughton rev) 176, § 2220.

The judgment is affirmed.