## Richwine v. Smith

*Thomas J. Williams,* for plaintiff.
*Robert R. Black,* for defendant.

BAYLEY, *J.,* August 28, 1985—This is an action seeking damages by plaintiff Elaine E. Richwine, as a result of personal injuries received in an automobile accident. Defendant has filed a motion requesting that plaintiff undertake a psychiatric examination by John M. Hume, M.D. Pennsylvania Rule of Civil Procedure 4010(a) provides in pertinent part:

"When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician . . . The order may be made only on motion for good cause shown . . . ."

Plaintiffs acknowledge the reasonableness of the request for a psychiatric examination and object only to it being conducted by the physician of defendant's choice, John M. Hume, M.D. Plaintiff maintains that she has a deep and sincere belief that the findings of Dr. Hume would not represent an accurate evaluation of her psychiatric difficulties. She does not question Dr. Hume's professional qualifications and admits in her deposition that her objection is based on her attorney's advice that Dr. Hume often conducts psychiatric examinations on behalf of defendants.

The Supreme Court of Colorado, when faced with a similar issue, permitted a defendant to select his

own medical expert. In Timpte v. District Court of Denver, 421 P.2d 728 (1966 Colo.), the court stated:

"Our Rules of Civil Procedure were adopted to aid the truth-ascertaining process of the courts but, as yet, it has nowhere been held the purpose of such rules is to eliminate the adversary system as the foundation of the American judicial process. So long as a plaintiff may select his own doctor to testify as to his physical condition, fundamental fairness dictates that the defendant shall have the same right, in the absence of an agreement by the parties as to who the remaining phsycician will be."

Under similar circumstances, the Court of Common Pleas of York County reached the same conclusion. In Agosto v. CertainTeed Products Corporation, York L.J. (slip opinion filed January 22, 1985), the court stated:

"The concept of disqualifying witnesses because they are frequently used by a class of litigants has troubling implications. It is well known that plaintiffs frequently rely upon certain experts and that insurance companies routinely rely upon the same expert. If the parties could have opposing experts disqualified on that basis, the pool of available experts would soon dry up. In addition, implicit in any such disqualification by the court would be a finding of a lack of intellectual confidence and integrity in the affected expert."

As in Agosto, we conclude that the medical expert chosen by defendant should be allowed to examine plaintiff. Plaintiff's interest will be fully protected. She may, of course produce her own expert to testify in court. All expert testimony is subject to cross-examination. A jury is not bound to accept the opinion offered by any expert. The weight to be given to the testimony of any witness is for the jury to conclude as the finders of fact. If an opposing party

suggests that a witness is biased, the remedy is to seek to impeach that witness's testimony.[*]

Accordingly, the following order is entered.

## ORDER OF COURT

And now, this August 28, 1985, the motion by defendant, to compel the examination of plaintiff Elaine Richwine by John M. Hume, M.D., is granted.

---

[*]Plaintiff's reliance on this court's unpublished order and opinion dated September 15, 1983, in Deibert v. Decker (409 Civil 1982) is misplaced. There, plaintiff strenuously objected to being compelled to undergo a second examination, arguing that the first examination was satisfactory. A second examination was ordered with the court honoring the request for a physician other than the one requested. Defendant's opposition to that request was minimal.