**EMPLOYERS MUTUAL CASUALTY COMPANY, Relator,**

v.

**The Honorable John STREET, Judge, 352nd District Court, Tarrant County, Texas, Respondent.**

No. 2–85–278–CV

Court of Appeals of Texas, Fort Worth.

Feb. 5, 1986.

Strasburger & Price and John E. Phillips, W. Neil Rambin, and Mark M. Donheiser, Dallas, for relator.

Bernard J. Dolenz, Dallas, for respondent.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

OPINION

FENDER, Chief Justice.

This is an original mandamus proceeding instituted by Employers Mutual Casualty Company, relator, against respondent, Honorable John Street, Judge of the 352nd District Court of Tarrant County, Texas. Relator seeks a writ of mandamus requiring respondent to vacate his order of November 26, 1985 and to direct him to order Abner L. Coxsey, Jr., the real party in

interest, to submit to a medical examination by Dr. Thomas Kurt. The November 26th order required Coxsey to submit to an examination by a Dr. Bernard McGowen, a physician certified in internal medicine who was apparently chosen by respondent. The order also requires relator to pay for this examination and the subsequent report and requires that such report be forwarded to relator and also to Coxsey. The November 26th order overruled relator's Motion for Physical Examination in which relator asked that Dr. Kurt be appointed examining physician pursuant to TEX.R.CIV.P. 167a.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *See West v. Solito,* 563 S.W.2d 240, 244 (Tex.1978); *Allen v. Humphreys,* 559 S.W.2d 798 (Tex. 1977); *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977). Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980).

Mandamus has traditionally been an extreme measure to be utilized only when there has been a violation of a clear legal right possessed by the relator. *Neville v. Brewster,* 163 Tex. 155, 352 S.W.2d 449, 452 (1961), and when there is a clear legal duty to act on behalf of the respondent. *Pat Walker & Co., Inc. v. Johnson,* 623 S.W.2d 306, 308 (Tex.1981).

Unless the law dictates "an absolute and rigid duty of the trial court to follow a fixed and prescribed course not involving the exercise of judgment or discretion," the court should be hesitant to grant relief by writ of mandamus. *See State Bar of Texas v. Heard,* 603 S.W.2d at 833.

Rule 167a, in relevant part, states that:
(a) Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Rule 167a does not state who is to choose the examining physician. Therefore, because the Rule does not dictate "an absolute and rigid duty of the trial court to follow a fixed and prescribed course not involving the exercise of judgment or discretion," we are hesitant to grant relief by writ of mandamus. This is so even though there are cases from other jurisdictions which hold that the defendant is usually allowed to choose the examining physician. *See Timpte v. District Court in and for the City and County of Denver,* 161 Colo. 309, 421 P.2d 728 (1966); *Bridges v. Webb,* 253 Or. 455, 455 P.2d 599 (1969). These cases interpret Federal Rule 35 which is identical to the Texas Rule.

Respondent stated that he interpreted rule 167a to mean that the court is the one to choose the examining physician so that the physician will be disinterested and unbiased. We find that it was within the trial court's discretion to choose an independent and neutral physician to conduct the examination. *See* Sales, *Discovery Under the Texas Rules of Civil Procedure,* 37 Tex. B.J. 39 (1974) (noting that "absent other compelling considerations, the moving party is entitled to an examination by a physician of his own choosing" although "[t]his is not ... an absolute right" and "falls within the ambit of judicial discretion"). *See also Helton v. J.P. Stevens Company,* 254 N.C. 321, 118 S.E.2d 791 (N.C.1961); *Basham v. R.H. Lowe, Inc.,* 176 Va. 485, 11 S.E.2d 638 (Va.1940); 1 W. JORDAN, MODERN TEXAS DISCOVERY sec. 8.09 (1974). We find no abuse of discretion here.

Relator cites *Postell v. Amana Refrigeration, Inc.,* 87 F.R.D. 706 (D.C. Ga.1980) for the proposition that "[f]undamental fairness dictates that the defendant should be allowed the physician of his choice, absent good reason to the contrary; otherwise, a defendant is at a severe disadvantage in the 'battle of the experts'". However, this is not the holding in *Postell.* Rather, the court in *Postell* held that *under the facts of that case,* fundamental fairness dictated that the defendant be able to choose the physician to do the exam. In *Postell,* the plaintiff in that case had a physician, Dr. Zaret, examine his eye to determine whether his cataracts were caused by microwaves from an oven manufactured by the defendant in that case. Dr. Zaret was the leading ophthamologist with a preconceived opinion that cataracts can be caused by microwave radiation. Doctor Appleton, the doctor of defendants choosing, was the leading ophthamologist of the view that such radiation cannot cause cataracts. The court obviously felt that it was necessary, under the circumstances, to allow Doctor Appleton to examine the plaintiff in *Postell* in order to make "even" the "battle of the experts".

Such is not the case here. There is no contention made that any of the physicians mentioned in this case: Doctor Rose, Doctor Kurt, and Doctor McGowen, have any preconceived opinions as to whether heavy metal toxicity caused Mr. Coxsey's condition. In fact, Doctor Kurt, the physician chosen by relator, admits that heavy metal toxicity can exist. Relator merely wants Doctor Kurt to be the one to conduct the testing for the toxicity.

Relator contends that it would not be satisfactory for Dr. Kurt to merely read and interpret the results from tests conducted by another doctor because "special precaution" must be taken to insure that the blood and urine samples are properly taken, preserved, and tested by certified laboratories. We see no reason why Doctor Kurt cannot be called by relator to read and interpret the results of the test which will surely be carefully taken and supervised by the doctor chosen by respondent, Doctor McGowen.

Relator argues that respondent's order limits their discovery. We fail to see how their discovery is limited if they are allowed to have an independent testing conducted. The trial court did not forbid independent testing, it merely ordered that it be supervised by an independent physician.

Relator contends that "Dr. McGowen has not been shown to possess sufficient expertise or background knowledge of this case and Coxsey's allegations to conduct such an examination." We find that it was within the discretion of the trial court to decide whether a certified toxicologist was needed in this case. We cannot say that we are in a better position than that of the trial court to decide whether a certified toxicologist is the only physician qualified to supervise the testing for heavy metal toxicity.

We hold that TEX.R.CIV.P. 167a does not entitle the moving party to an absolute right to choose the examining physician. We hold that this decision falls within the ambit of judicial discretion, which was not abused in this case.

The writt of mandamus is denied.