**Freeland D. MAY, Relator,**

v.

**Honorable Wayne LAWRENCE, Judge, 3rd District Court of Houston County, Texas, Respondent.**

No. 12–88–00121–CV.

Court of Appeals of Texas, Tyler.

May 23, 1988.

Jim Ammerman, II, Marshall, for relator.

Curtis W. Fenley, III, Lufkin, for respondent.

PER CURIAM.

Upon motion by Lufkin Cresoting Company, Inc., real party in interest, Relator was ordered by Respondent to undergo a physical examination. By this original mandamus proceeding, Relator seeks to have that order vacated. It is Relator's contention that Lufkin Cresoting did not make the requisite showing of "good cause" under Tex.R.Civ.P. 167a(a)[1] to support the order, the order fails to specify a time for the examination, and further the trial court improperly designated the physician to conduct the examination.

Rule 167a(a) provides the vehicle by which a party to an action may obtain a physical or mental examination of another party. In order to obtain an examination, one must show that the physical or mental condition of the other party is "in controversy" and further, that "good cause" exists for the examination to be ordered. This means the movant must produce sufficient information so that the trial court can determine whether the "in controversy" and "good cause" requirements have been met. *See Schlagenhauf v. Holder*, 379

---

1. All references to "rules" are to Tex.R.Civ.P. unless otherwise indicated.

U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964).[2] Exactly what showing is required depends upon such things as the nature of the case, and the issues involved. In some cases affidavits may suffice, while in others an evidentiary hearing may be necessary. *Id.* Further, the United States Supreme Court has found that

> there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. (Citation omitted).

*Id.*

We believe *Schlagenhauf* authorized the respondent to order the medical examination of Relator in this personal injury case.[3] Although Relator did not provide us with a copy of his petition below, his "statement of facts" and the exhibits attached to his petition make clear that his action is based on his alleged physical injuries arising out of a vehicular accident he had with an employee of Lufkin Cresoting.

■ Relator also attacks the trial court's order on the basis that Rule 167a requires the court to choose a competent, truly independent physician to perform the examination, and in this case the trial court appointed the physician chosen by Lufkin Cresoting. As correctly noted by Relator, under Rule 167a the movant has no absolute right to a physician of its own choosing. *Employers Mutual Casualty Co. v. Street,* 702 S.W.2d 779, 781, *on motion for rehearing,* 707 S.W.2d 277, 279 (Tex.App.—Fort Worth 1986) (orig. proceeding). However, the decision of what physician to have perform the examination is obviously within the trial court's discretion. 702 S.W.2d at 781. The trial court may choose any physician it finds appropriate, including the one requested by the movant.

Relator does not contend the chosen physician is incompetent, nor does he voice any other objection to the doctor. We find no abuse of discretion here.

■ Finally, Relator briefly argues the order should be vacated because it does not set a definite time for the examination. Rule 167a(a) does require that the order specify the time of the examination. In this case, the order states that the examination shall "take place on a date and time to be selected by the examining physician, but not later than the 6th day of June, 1988." We find that such a time limitation satisfies Rule 167a. The order was signed on May 6, 1988, thus setting a thirty day time frame within which to accomplish the examination. That arrangement provides the flexibility to accommodate Relator's and the physician's schedules.

Relator's petition does not show any action by the trial court which constitutes a clear abuse of discretion or violation of a mandatory statutory provision with no other adequate remedy.[4] The motion for leave to file a petition for writ of mandamus is denied.

■

---

**2.** Rule 167a(a) is identical to and patterned after Fed.R.Civ.P. 35. In *Schlagenhauf,* the Supreme Court was addressing the requisites for federal Rule 35 on review of a denial of mandamus by the Seventh Circuit Court of Appeals.

**3.** Relator cites *Walsh v. Ferguson,* 712 S.W.2d 885 (Tex.App.—Austin 1986) (orig. proceeding), in support of his argument that the movant must affirmatively show "in controversy" and good cause. In that divorce case, the husband's mental or physical condition was not put in issue by him, but rather by his wife, the movant. The Austin court clearly found that circumstance material in determining whether the requirements of Rule 167a(a) had been met. See 712 S.W.2d at 887.

**4.** *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985).