## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Perkins

v.

Lillich

March 6, 1991

Case No. (Law) 4613

By JUDGE JAY T. SWETT

In this personal injury action, Mr. McKay, counsel for the defendant, has requested that the plaintiff submit to a physical examination by a physician retained by the defendant. Mr. Purcell, attorney for the plaintiff, has interposed an objection to such an examination. The matter was argued on February 15, 1991. The parties have submitted authorities in support of their respective positions.

Plaintiff first argues that she has already been seen by a number of doctors whose reports have been available to defendant. She argues that since the reports are consistent in describing her injuries, there should be no reason for plaintiff to have to submit to another physical examination before trial. She further argues that the physician selected by defendant, Dr. Thomas Schildwachter, is one normally selected by defendants in personal injury actions, and it would be unfair for her to have to undergo an examination by a doctor hand-picked by the defendant.

On the other hand, defendant argues that Rule 4:10 permits a defendant to require a plaintiff to undergo a physical examination by a physician selected by the defendant. Defendant argues that the choice of the physician

should be left to the defendant. Defendant further argues that the issue of lack of impartiality or bias, if it exists, should be a matter for the jury to consider in determining what weight to give a physician's testimony.

The language of Rule 4:10 gives some help to the court but does not decide the precise question presented. The Rule permits an adverse party to request that the court order the other party to submit to a physical examination by a physician "named in the order and employed by the moving party . . . ." The Rule goes on to provide that the order for the physical examination should be made only for good cause, with notice to the party to be examined and that the order may include other provisions regarding how the examination is to be conducted.

The threshold issue is whether good cause has been shown by defendant for this court to order plaintiff to undergo a physical examination. Here, defendant contends that discovery responses of the plaintiff allege a permanent injury, yet the medical reports of the various treating physicians do not support such an assertion. Defendant further argues that the issue of whether plaintiff has suffered a permanent injury is, for all practical purposes, the only issue in the case since the defendant has conceded liability.

The court is persuaded that good cause for the examination has been shown here. Apparently, the issue of whether plaintiff has suffered a permanent injury is going to be hotly contested. Plaintiff's interests may be protected by insuring that the physical examination be conducted in a way that does not subject her to a risk of further injury or to cause her unwarranted pain or discomfort.

A more difficult issue to decide is how the physician should be selected. The language in Rule 4:10(a) does not answer the question. It only provides that the name of the physician be identified in the order and that the physician be employed (i.e., paid) by the requesting party.

Plaintiff argues that *Virginia Linen Service v. Allen*, 198 Va. 700 (1957), dictates that the selection of the physician should be made by the court and not by the defendant. However, I do not read *Virginia Linen Service* that narrowly. In fact, the opinion acknowledges that the Rule is silent on how the court should determine who shall conduct the physical examination. 198 Va. at 700.

The Court goes on to make several suggestions, some of which the plaintiff here urges upon this court. For example, one suggestion in *Virginia Linen Service* and made by the plaintiff here is that both sides submit the names of physicians to the court and the court then makes a selection. While that suggestion has considerable merit, it would, in the opinion of this judge, involve the court unnecessarily in matters that normally are handled and decided by counsel. This is not to say that this procedure is not a useful one where the physician selected by a party is shown to be partial or biased in favor of one party and prejudiced against the other.

In support of the argument that defendant should have free reign to select the physician, defendant cites *Timpte v. The District Court*, 161 Colo. 309, 421 P.2d 728 (1966). In that case, the Supreme Court of Colorado endorsed the view that a defendant should be able to select the physician subject to the Court's control for abuse and that the issue of bias or prejudice should be one for the jury to weigh. Subjecting the defendant's physician to cross-examination was, in the view of the Supreme Court of Colorado, the way to protect the plaintiff's rights.

This court finds some guidance in the following language from *Virginia Linen Service*:

> It is not the purpose of the Rule to create a final arbiter of medical disputes nor to provide a new way of settling conflicts between medical witnesses. That must remain the function of the jury, or the court if there is no jury. The person appointed to make the examination is necessarily the selection of the court but that is not to invest him with the quality of inerrancy. He may be called as a witness by either party and examined and cross-examined as any other witness. 198 Va. at 700.

As a practical matter, most physical examinations of the type requested here are concluded without involving the court. This is to be encouraged. However, when the court is asked to become involved, such as in this case, the initial inquiry is whether the adverse party has demon-

strated good cause. The procedure here that should be followed is that once good cause is shown, the physician selected to conduct the examination will be initially determined by the defendant. If the adverse party objects to the physician named and thereafter the parties fail to agree on an alternative, then the matter should be scheduled for a hearing, at which time the objecting party is permitted to demonstrate the basis for the objection on grounds such as bias, prejudice, or the like. If the objection is sustained, then the court would require each side to submit names to the court and the court will select from the lists.

In conclusion, the court in this case will grant the request to have the plaintiff undergo a physical examination. Dr. Schildwachter is the physician selected by the defendant to conduct the examination. If plaintiff requests a hearing to disqualify Dr. Schildwachter on the basis of bias, prejudice, or similar grounds, then the matter should be scheduled promptly for a hearing.

Mr. McKay is requested to prepare an appropriate order incorporating the findings of this court. The order should include the various requirements of Rule 4:10(a) regarding the specifics of the examination. The order should also include a directive to the physician regarding his obligation to prepare the written report pursuant to Rule 4:10(c).