Claudia DOUPONCE, Plaintiff,

v.

Mary Chee DRAKE, Defendant.

No. 98–M–387.

United States District Court,
D. Colorado.

Oct. 29, 1998.

James J. Murphy, McCormick & Murphy, P.C., Colorado Springs, CO, for plaintiff.

Michael R. Waters, Jones & Waters, LLC, Colorado Springs, CO, for defendant.

**ORDER** Re: Independent Medical Examination and Third Party Subpoenas

COAN, United States Magistrate Judge.

In this automobile accident diversity case, defendant moves for an independent medical examination of plaintiff under Rule 35. Fed. R.Civ.P. Plaintiff does not oppose the examination, but moves for a protective order on the ground that the independent medical examiner, Dr. Wallace Larson, is biased in

favor of defendants. Defendant also moves to quash or for protective orders concerning two subpoenas. A hearing was held October 1, 1998 and the parties were permitted to file supplemental authority. The matters are now fully briefed.

## I. Rule 35 independent medical examination

Defendant noticed plaintiff for an independent medical examination, identifying Dr. Larson as the examiner. In response, plaintiff contends that Dr. Larson has performed at least one hundred and sixty four independent medical examinations between 1995 and June 30, 1998, of which nearly all were for defense counsel and insurance companies. Pl. Resp. to Mot. for Phys. Ex., Murphy affidavit, ¶ 3 and Exhibit A. At hearing, plaintiff submitted her counsel's affidavit and an affidavit from Mr. Walta, an attorney who stated that Dr. Larson is biased against plaintiffs. 10–1–98 hearing Ex. 1, Walta affidavit, ¶ 10. Walta avers that Dr. Larson is not "an honest man." *id.* ¶ 11. Walta's opinion is apparently based on Dr. Larson's opinion concerning one of Walta's clients, who required spinal surgery after Dr. Larson had opined that no further medical treatment was necessary. See, *Id.* Ex. A and ¶ 7.

Rule 35 states:
When the mental or physical condition of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
Rule 35(a), Fed.R.Civ.P.

A defendant seeking a Rule 35 physical examination of a plaintiff has no absolute right to the choice of his own physician. *Peters v. Nelson,* 153 F.R.D. 635, 637 (D.Iowa1994); *Stinchcomb v. United States,* 132 F.R.D. 29, 30 (D.Pa.1990); Wright & Miller, Federal Practice and Procedure Civil § 2234. The Supreme Court of Colorado has held, however, that Colorado Rule of Civil Procedure 35(a), which is nearly identical to the federal rule, grants a defendant the right to designate a physician in the absence of a showing of bias or prejudice. *Timpte v. District Court,* 161 Colo. 309, 421 P.2d 728 (Colo. 1966). In *Timpte,* the court rejected the same claim of bias made by plaintiff here, reasoning as follows:

It is suggested that certain doctors testify only for the defense in matters of personal injury, and that that in itself suggests bias and prejudice and demands disqualification of such a doctor to make examinations and testify. We do not agree. Such matters are relevant only as to weight and credibility, and cross-examination upon this subject affords full protection to the plaintiff's rights.

*Timpte v. District Court,* 421 P.2d at 729.

Plaintiff here alleges bias based on two allegations. The first is that Dr. Larson has performed numerous independent medical examinations for defense clients; the other is that another attorney believes Dr. Larson is biased against plaintiffs because Dr. Larson was wrong when he opined that further medical treatment was unnecessary for a client. The court finds that the bias implications raised by plaintiff are insufficient grounds under *Timpte* for an order prohibiting Dr. Larson from performing an independent medical examination of plaintiff; rather, any evidence of bias is more appropriately a matter for cross examination at trial.

Plaintiff asks, in the alternative, that the examination be tape-recorded or that a third party be present. Rule 35 does not address who may attend the examination ordered. Case law on this point is mixed. *Compare Bartell v. McCarrick,* 498 So.2d 1378 (Fla. App.1986) (absent any valid reason to prohibit the presence of a patient's counsel or other representative, his presence should be allowed), *Langfeldt–Haaland v. Saupe Enterprises, Inc.* 768 P.2d 1144 (Alaska 1989) (plaintiff's attorney allowed to be present for Rule 35 examination) with *Lahr v. Fulbright & Jaworski,* 164 F.R.D. 196 (N.D. Texas 1995) (employee not entitled to have her own expert present during mental examination);

*Shirsat v. Mutual Pharmaceutical Company,* 169 F.R.D. 68 (E.D.Pa.1996) (observer, court reporter and tape recorder not allowed during Rule 35 examination); *Bartell v. McCarrick,* 498 So.2d 1378 (Fla.App.1986); *Galieti v. State Farm Mutual Automobile Insurance Company,* 154 F.R.D. 262 (D.Colo.1994) (denying plaintiff her counsel's presence at the examination); *Hayes v. District Court,* 854 P.2d 1240 (Colo.1993) (denial of plaintiff's request to be accompanied by a third person and to tape record court-ordered medical examination not an abuse of trial court's discretion); *Tirado v. Erosa,* 158 F.R.D. 294 (S.D.N.Y.1994) (arrestee claiming police brutality not permitted to have her attorney and stenographer present at examination by defendant's psychiatrist); and *Shirsat v. Mutual Pharmaceutical Co.,* 169 F.R.D. 68 (E.D.Pa.1996) (observer, court reporter or recording device during examination by defendant's psychiatrist not permitted as they would have constituted a distraction during the examination and would diminish the accuracy of the process of the examination).

Under Fed.R.Civ.P. 26(c), the court may make any order which justice requires to protect a person from annoyance or embarrassment, and may allow discovery to take place under court-ordered conditions. Plaintiff, as the party seeking a protective order, has the burden to demonstrate "good cause" as to why the court should grant her request. Fed.R.Civ.P. 26(c)(2).

■ Plaintiffs have argued in other cases that the "good cause" requirement is satisfied because independent medical examinations are an extension of the discovery process and physicians are being asked to determine such issues as credibility and whether a plaintiff has met the elements of her case. *See, e.g. Langfeldt–Haaland v. Saupe Enterprises, Inc.,* 768 P.2d 1144. The court finds that most federal decisions do not find that an independent medical examination is a continuation of the discovery process. The court agrees and finds that such examinations therefore are not subject to protective orders under Rule 26(c). Accordingly, a third party's presence and tape recording will not be permitted at plaintiff's independent medical examination.

## II. Subpoenas

Plaintiff subpoenaed Dr. Larson, requesting his testimony list, a list of independent medical examinations, and Internal Revenue Service 1099 forms specific to his work for insurance companies. Dr. Larson objected to the subpoena. Plaintiff subpoenaed State Farm Insurance Company in order to "obtain evidence for the hearing on October 1, 1998." *See* Pl. Resp. To Def. Objection to Subpoena on State Farm, ¶¶ 5–7. Defendant objected on the ground that the subpoena was being used to preempt Rule 26(a)(2), Fed.R.Civ.P. mandates, thus requiring Dr. Larson to provide Rule 26(a)(2) information before the deadline set forth in the Scheduling Order.

The subpoena to Front Range Orthopedic requests records of all payments made to Dr. Larson for his services, records concerning all sources of Dr. Larson's income, copies of every independent medical examination report authored by Dr. Larson for a three year period, and other records concerning all independent medical examinations performed, and any records indicating other cases in which Dr. Larson has testified as an expert.

■ Much of the information plaintiff seeks in the subpoena is the subject of Rule 26(a)(2) disclosures. The remainder of the information sought is largely irrelevant. Plaintiff, however, is entitled to know how many independent medical examinations Dr. Larson performed within the last three years and what he was paid for those examinations. Plaintiff may also have copies of the independent medical examination reports as long as the patients' names are redacted to protect their privacy.

Plaintiff also subpoenaed records from State Farm Insurance Company. State Farm is the insurance company providing liability coverage for the defendant, Mary Chee Drake, but is not a party to the instant action. Defendant's motion to quash was based on Fed.R.Civ.P 45(c)(3)(A) in that defendant maintained there was insufficient time for State Farm to comply with the subpoena and the subpoena was issued short-

ly before a scheduled settlement conference in an attempt to harass and intimidate State Farm's representative who was expected to be present for the conference. Finally, defendant contends the subpoena was burdensome because it requested information about all payments made to Dr. Larson for any kind of service rendered and finally, that the company did not maintain records of payments in the format requested by plaintiff.

Most of the information sought to be subpoenaed from State Farm is overbroad and burdensome. Some of it is protected by the attorney client privilege and the work product doctrine. Whether State Farm routinely hires Dr. Larson for independent medical examinations is arguably not relevant since the fact of defendant's insurance coverage is not admissible at trial. The only possible explanation for plaintiff's documents request is for cross-examination of Dr. Larson in an attempt to show that Dr. Larson is biased against plaintiffs. Information relevant to that issue is more likely to be in the possession of Dr. Larson.

### III. Orders

For the reasons set forth above, it is hereby

ORDERED that defendant's Motion for Physical Examination of Plaintiff [filed August 25, 1998] is **granted.** Dr. Larson shall perform the independent medical examination as requested on a date acceptable to the parties and their counsel within the cutoff date set forth below. It is further

ORDERED that the Rule 26(a)(2) rebuttal expert deadline is extended to **December 1, 1998** for any report from Dr. Larson. Plaintiff may submit a supplemental expert report or a rebuttal expert to Dr. Larson under Rule 26(a)(2) on or before **December 16, 1998.** Depositions of Dr. Larson and any rebuttal to Dr. Larson shall be taken by **January 9, 1999.** It is further

ORDERED that defendant's "Objection to Subpoena" [filed October 1, 1998] is **granted in part and denied in part.** The subpoena issued to Dr. Larson and Front Range Orthopedic is **quashed** except to the extent it requests records of payments made by State Farm to Dr. Larson for work performing independent medical examinations in 1995, 1996, 1997 and 1998, the number of independent medical examinations performed in the last three years, and copies of the redacted reports. The foregoing information, which is responsive to the subpoena, is to be produced to plaintiff's counsel in Colorado Springs, on the same date defendant's Rule 26(a)(2) disclosures are due. Plaintiff is to bear any reasonable costs of production. It is further

ORDERED that defendant's Motion to Quash or Modify subpoena to Richard Bennett [filed October 1, 1998] is **granted in part and denied in part.** State Farm is to produce records of payments to Front Range Orthopedic as set forth in paragraph one of plaintiff's subpoena, but only in the format maintained by State Farm. State Farm is also to identify the number of independent medical examinations Dr. Larson has performed at the request of State Farm in 1995, 1996, 1997 and 1998, within **twenty (20) days** of the within order. Plaintiff is to bear any reasonable costs of production. It is further

ORDERED that any requests for relief not specifically addressed in this order are **denied.**