IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# MICHELLE R. NEWTON, ET AL. v. JAMES H. CEASAR, ET AL.

**Extraordinary Appeal from the Circuit Court for Lawrence County**
**No. CC2996     Jim T. Hamilton, Judge**

---

**No. M2000-01117-COA-R10-CV - Decided June 29, 2000**

---

We granted a Rule 10, Tenn. R. App. Proc., appeal to review the trial court's action in (1) denying a defendant's motion to have the plaintiff examined by doctors chosen by the defendant, and (2) ordering the plaintiff to undergo an examination, at the defendant's expense, by doctors chosen by the court. We hold that the defendants have the right to have the plaintiff examined by doctors of the defendants' choice absent a valid objection by the plaintiff.  Since the record does not contain any evidence supporting a valid objection by the plaintiff, we reverse the lower court's order and remand for further proceedings.

**Tenn. R. App. P. 10 Appeal by Permission; Judgment of the Circuit Court
Reversed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which CAIN and COTTRELL, JJ. joined.

Gary A. Brewer and Delicia R. Bryant, Nashville, Tennessee, for the appellants, James H. Ceasar and Heilig-Meyers Furniture.

Thomas F. Mink, II and Keith W. Blair, Nashville, Tennessee, for the appellees, Michelle R. Newton, Timothy W. Newton, and Kari Leann Newton.

**OPINION**

**I.**

Plaintiff, Michelle Newton, sued the defendants, James H. Ceasar and Heilig-Meyers Furniture for personal injuries.  The complaint alleged that due to the defendants' negligence Michelle Newton sustained injuries to her neck, back, knees, and flank.  The defendants moved under "Rule 34.01", Tenn. R. Civ. Proc., for an examination of the plaintiff by an orthopedic and a neurology specialist of the defendants' choosing.  The motion included the allegation that the available specialists in the Lawrenceburg-Columbia area were Ms. Newton's treating physicians.

Therefore, the motion sought an order requiring Ms. Newton to submit to an examination by Nashville physicians chosen by the defendant.

After a hearing, the Lawrence County Circuit Court entered an order containing the following provisions:

> 1.      The defendants' request for Dr. Thomas O'Brien to perform an orthopedic medical examination and Dr. Peter Weiss to perform a neurological examination of the plaintiff is denied despite defendants' assertions that they are entitled to present experts of their choosing on a contested issue.

> 2.      Further, it is ORDERED, that the Court, on its own initiative, hereby appoints Dr. Vaughan Allen of Nashville to perform any neurological examination of the plaintiff and Dr. Lee Hunter of Lawrenceburg will perform any orthopedic examination of the plaintiff.

> 3.      Further, it is hereby ORDERED that the defendants shall bear all expenses including costs of the court appointed medical examination, travel and lost wages to the plaintiff due to travel and expenses incurred as a result of submitting to the examination.

The court denied the defendants' application to appeal the court's order under Rule 9, Tenn. R. App. Proc. The defendants then filed an application in this court pursuant to Rule 10, Tenn. R. App. P.

**II.**

At the outset we note that the motion in the trial court should have been filed under Rule 35.01, Tenn. R. Civ. Proc. The trial court obviously treated it as a Rule 35 motion and we will do the same. Rule 35.01 provides:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The right under Rule 35.01 to have a party submit to a medical examination should not be confused with the absolute right of an employer to have an injured worker examined by the employer's physician in a worker's compensation case. *See* Tenn. Code Ann. § 50-6-204(d)(1). The

right to have a party examined under Rule 35.01 is not absolute in any sense. The rule says the court may order the examination, and a majority of courts across the country have held that the moving party under Rule 35.01 does not have the absolute right to select the examining physician. *See The Italia*, 27 F. Supp. 785 (D.C. N.Y. 1939); *Liechty v. Terrill Trucking Co.*, 53 F.R.D. 590 (E.D. Tenn. 1971); *Stuart v. Burford*, 42 F.R.D. 591 (D.C. Okla. 1967); *Timpte v. District Court*, 421 P.2d 728 (Colo. 1966); *Martin v. Superior Court*, 451 P.2d 597 (Ariz. 1969).

But the question remains as to how much weight the court should give to the defendants' request to have the plaintiff examined by a particular physician. The courts seem to be divided along the following lines: (1) The defendant's choice of physicians has no effect whatsoever; or (2) the defendant's choice of physicians should be honored in the absence of a valid objection by the plaintiff. *See* Joseph E. Edwards, Annotation, *Right of Defendant in Personal Injury Accident to Designate Physician to Conduct Medical Examination of Plaintiff*, 33 A.L.R. 3d 1012 (1996). The leading case in the latter category seems to be *Timpte v. District Court of Denver*, 421 P.2d 728 (Colo. 1966), where the court said that so long as the plaintiff had the right to select his own doctor to testify, fundamental fairness demanded that the defendant have the same right in the absence of a valid objection to the doctor chosen by the defendant.

We think the *Timpte* court stated the preferable rule. We also think that the *Timpte* rule has been unofficially observed by the courts and the bar of this state. Therefore, we interpret Rule 35.01 to provide the defendant the right to have a plaintiff examined by a physician selected by the defendant unless the plaintiff can show a good reason why the court should not honor the defendant's choice.

Objections to the defendant's choice of doctors have been upheld on the grounds of bias, *White v. State Farm*, 680 So.2d 1 (La. App. 1996); *Adkins v. Eitel*, 206 N.E.2d 573 (Ohio App. 1965), *Martin v. Superior Court*, 451 P.2d 597 (Ariz. 1969); inconvenience, *Stuart v. Burford*, 42 F.R.D. 591 (D.C. Okla. 1967), *Steele v. True Temper Corp.*, 174 N.E.2d 298 (Ohio 1961); and the fact that the examination would cause harm or pain, *Carmine v. Tibbets*, 74 P.2d 974 (Or. 1937), *Miller v. Holtz House of Vehicles*, 578 N.Y.S.2d 102 (N.Y.S.Ct. 1991).

A doctor chosen by the defendant to examine the plaintiff is not objectionable, however, solely because of a personality conflict between plaintiff's counsel and the doctor, *Wasmund v. Nunamaker*, 151 N.W.2d 577 (Minn. 1967), *Krook v. Blumberg*, 59 A.2d 482 (N.H. 1948), nor on a bare allegation of bias or prejudice, *Bridges v. Webb*, 455 P.2d 599 (Or. 1969), *S.S. Kresge Co. v. Trister*, 175 N.E. 611 (Ohio 1931), *Douponce v. Drake*, 183 F.R.D. 565 (D.C. Colo. 1998).

The only evidence in the record pertaining to the plaintiffs' objection to the defendants' choice of doctors is in an affidavit filed in opposition to the Rule 10 application. One of the plaintiffs' lawyers avers that the doctors chosen by the defendants are noted to be defense-oriented, are not objective, and are biased in favor of the defendants generally. These are serious allegations, and they should be taken seriously, but from the record we cannot tell on what they are based, if they were presented to the trial court, or if they were presented in a fashion that allowed the defendants

to respond.  The record is also silent on whether the defendants had an opportunity to object to the doctors chosen by the court.  If the defendants are to bear the expense of the examination, they should be given the chance to elect whether to go through with the examination or to withdraw their motion.

The final question is whether this case merits a review under the narrow scope of Rule 10, Tenn. R. App. Proc.  Rule 10 allows immediate review of an interlocutory order of the trial court only under two circumstances:

> (1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or

> (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules.

We think that this case satisfied the first requirement, the departure from the accepted and usual course of judicial proceedings.  It is one thing to deny the defendants' motion for the plaintiff to undergo a medical examination by doctors chosen by the defendants, but it is another to order an examination at the defendants' expense by doctors chosen by the court.

The lower court's order is reversed and we remand the cause to the Circuit Court of Lawrence County for further proceedings.  Tax the costs on appeal to the plaintiffs, Michelle R. Newton and Timothy W. Newton.