Peter LOONEY, Jr.,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak.**

**Civ. A. No. 91–11997–S.**

United States District Court,
D. Massachusetts.

May 15, 1992.

Karen M. Coppa, Riley, Burke and Donahue, Boston, Mass., for plaintiff.

Paul Troy, Sherburne, Powers & Needham, Boston, Mass., for defendant.

**MEMORANDUM AND FIRST ORDER ON AMTRAK'S MOTION FOR AN ORDER FOR RULE 35 PHYSICAL EXAMINATION (# 15)**

COLLINGS, United States Magistrate Judge.

■ After a review of the cases cited and consideration of the oral arguments of counsel, it is ORDERED that Amtrak's Motion For An Order For Rule 35 Physical Examination (# 15) be, and the same hereby is, ALLOWED. Although it is indeed true that the defendant does not have an absolute right to choose the doctor who will perform the examination, cases have held that absent a "valid objection" to the physician defendant chooses, defendant's choice is to be respected. *Liechty v. Terrill Trucking Co.*, 53 F.R.D. 590, 591 (E.D.Tenn., 1971). In the instant case, plaintiff claims a "valid objection" to defendant's choice, Dr. Lupien, on the ground that:

> [He is] … consistently hired by insurance companies to do medical examinations. He has a bias against injured plaintiff's [sic] and routinely finds that plaintiffs suffer no disability as a result of injuries which are subject to lawsuits. He has a propensity to disbelieve injured plaintiffs, discounting and/or ignoring their objective and subjective symptoms.

*See* # 22, p. 5.

The basis of counsel's statement is an Affidavit of Eric P. Flanders, as associate in plaintiff's counsel's office. He avers, in pertinent part, that (a) on no occasion have I ever become aware that Dr. Lupien was retained by counsel for an employee or a claimant, (b) I recall numerous cases in which Dr. Lupien was retained by counsel for an insurer, (c) on the occasions when Dr. Lupien was retained by insurers to examine injured employees represented by me, I have never heard Dr. Lupien express the opinion that an employee suffered from a disability or read a medical report prepared by Dr. Lupien, in which the opinion was expressed that an employee was disabled to any significant degree, (d) each time Dr. Lupien examined a claimant, he expressed the opinion that that claimant was capable of returning to work at his usual occupation without restrictions, (e) he has written reports and given deposition testimony inconsistent with facts established by other evidence, including statements of claimants, (f) he has discounted objectively verifiable test results in reaching his opinions, (g) his opinions, on occasion, conflict with treating physicians' opinions, (h) Dr. Lupien is impolite, unpleasant and hostile to those he examines, and (i) Dr. Lupien has a poor reputation among lawyers who represent injured workers and personal injury claimants. *See* Exhibit E to # 22.

I do not find plaintiff's objection to be a proper basis for refusing to order the examination by Dr. Lupien. His resume, attached to defendant's Memorandum, Etc. (# 16), indicates that he has the credentials to give an opinion. I note that he is board certified in orthopedic surgery and holds active staff memberships at two Boston hospitals. Plaintiff may raise at trial before the jury all the matters raised in Attorney Flanders' affidavit in order to persuade the jury not to accept his opinion. *Postell v. Amana Refrigeration, Inc.*, 87 F.R.D. 706, 708 (N.D.Ga., 1980). I can find no case in which matters such as are raised in Attorney Flanders' affidavit have been found to be a "valid" objection which caused the Court to reject the defendant's choice of physician.

■ There is a reason for this. I see the purpose of Rule 35, Fed.R.Civ.P., as providing a level playing field as between the parties. Defendants have no say in determining what physician plaintiff chooses as his or her expert witness. *Timpte v. District Court*, 161 Colo. 309, 421 P.2d 728 (Colo., 1966). It follows that plaintiff's ability to object to an expert physician chosen by the defendant should be rather limited with any questions of bias or prejudice of either side's chosen expert being left to full exploration at trial. *Gitto et al. v. Societa Anonima di Navigazione, Genova*, 27 F.Supp. 785, 786 (E.D.N.Y., 1939).

I note that the types of situations in which courts typically have been asked to reject defendant's choice involve requiring

the plaintiff to travel a great distance to be examined by defendant's doctor. *Pierce v. Brovig*, 16 F.R.D. 569, 570 (S.D.N.Y., 1954); *Stuart v. Burford*, 42 F.R.D. 591, 592–93 (N.D.Okla., 1967); *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D.Pa.). This situation is not present in the instant case.

In sum, I find the physical condition of the plaintiff is in controversy and good cause has been shown for an orthopedic examination of the plaintiff by Dr. Lupien. Counsel for the parties are directed to confer in an attempt reach agreement on a date and time for the examination and to inform the Court of the selected date and time. Unless otherwise notified, I shall assume that the examination will be conducted at Dr. Lupien's office. Counsel for the defendant shall notify the Court of how much time Dr. Lupien needs after the examination to render a report. When all information specified has been received by the Court, a formal Order pursuant to Rule 35(a), Fed.R., Civ.P., will issue.