**Lawrence Dean BANKS and Kelly Ann Banks, Plaintiffs,**

**v.**

**Roy WILSON, Defendant.**

**Civ. No. 5–93–08.**

United States District Court, D. Minnesota, Fifth Division.

Aug. 27, 1993.

Thomas M. Skare, Newby, Lingren, Newby & Carlson, Cloquet, MN, for plaintiffs.

Robin C. Merritt, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, Duluth, MN, for defendant.

## ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motion to Compel the Defendant to produce a statement that he had previously provided to his insurance adjustor.

A Hearing on the Motion was held on August 12, 1993,[1] at which time the Plaintiffs appeared by Thomas M. Skare, Esq., and the Defendant appeared by Robin C. Merritt, Esq.

For reasons which follow, we deny the Motion.

### II. *Factual and Procedural Background*

The automobile collision, which gave rise to the Plaintiffs' Complaint, occurred on July 5, 1987. On or about August 25, 1987, the Plaintiffs filed a claim with the Defendant's automobile insurer, which alleged that they had suffered both property damage and personal injuries. Claiming that the accident occurred as a result of the Defendant's fault, the Plaintiffs alleged neck and back injuries, and the total loss of their automobile. Thereafter, on October 26, 1987,[2] the Defen-

---

1. At the close of the Hearing, the Court requested and has received supplemental memoranda as to the impact, if any, that the provisions of the second paragraph of Rule 26(b)(3), *Federal Rules of Civil Procedure,* may have upon the issues before the Court.

2. In his Memorandum, the Defendant asserts that he provided a statement to his insurer on October 17, 1987, and yet, in his response to the Plaintiffs' Demand for Production of Statements, the Defendant responded that "[a] signed statement was taken from defendant on or about

dant provided a statement to his insurer concerning the circumstances of the accident.

On January 12, 1993, the Plaintiffs commenced this action with the filing of their Complaint. On or about June 1, 1993, counsel for the Plaintiffs served a Demand upon the Defendant, which requested the production of statements, including any that the Defendant had given. By a Response dated July 13, 1993, the Defendant disclosed the existence of the statement he had provided to his insurer, but he refused to produce the same because, in the Defendant's view, the "statement was taken in anticipation of litigation." On July 20, 1993, the Plaintiffs filed this Motion to Compel.

### III. *Discussion*

■ Our disposition of the Plaintiffs' Motion is governed by the provisions of Rule 26(b)(3), *Federal Rules of Civil Procedure,* which read as follows:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by another means.

As Rule 26(b)(3) makes clear, in order to prevail on their claim that the Defendant's statement is not protected by the work-product rule, the Plaintiffs must demonstrate:

1. that the statement was not prepared in anticipation of litigation or for trial, or
2. that a substantial need exists for the statement in the preparation of their case, and they are unable to obtain the substan-

tial equivalent of the statement by other means without undue hardship.

We examine each of these evidentiary showings in turn.

### 1. *Was the Defendant's Statement Taken in Anticipation of Litigation?*

■ In disputing the Defendant's contention that his statement was prepared in anticipation of litigation, the Plaintiffs note that, at the time that the statement was taken, "there were no attorneys involved in this action and the insurer took this statement for its own purposes." Moreover, the Plaintiffs assert, if the Defendant's statement should be characterized as having been prepared in anticipation of litigation, then any action that an insurer should take after an accident occurs would equally bear that characterization. According to the Plaintiffs, the fact that the Defendant has not asserted that the statement was obtained at the request of his attorney or that it contains the opinions, conclusions, legal theories or mental impressions of his counsel is telling disproof of its privileged work-product status.[3]

In response, the Defendant notes that his statement was only taken after the Plaintiffs had filed a claim with his insurer, had accused him of causing the accident in question, and had alleged injuries and damages in the form of a claim against the Defendant's insurance coverage. In apparent recognition that records which are maintained in the ordinary course of business, including those of an insurance company, are not, necessarily, protected by the work-product doctrine, the Defendant appears to underscore that his statement was not taken as a "casual" interview.

In weighing these conflicting contentions, we find the Defendant's argument more compelling. In this respect, our analysis is guided by the Court of Appeals' holding in *Simon*

---

October 26, 1987, which is not subject to production." At the Court's request, the Defendant has submitted a copy of his statement for the Court's *in camera* review. The statement is dated October 17, 1987.

**3.** The Plaintiffs purport to rely on the provisions of the Jencks Act, *Title 18 U.S.C. § 3500*, in support of their Motion. Apparently this reli-

ance owes to the fact that the promulgator's of Rule 26(b)(3) adopted the definition of "statement" from the Jencks Act when the Rule was amended in 1970. See, *Notes of Advisory Committee, 1970 Amendment to Rule 26(b)(3)*. We find no other relevance in the provisions of the Jencks Act, at least insofar as the Plaintiffs' Motion is concerned.

v. *G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir.1987), cert. denied, 484 U.S. 917, 108 S.Ct. 268, 98 L.Ed.2d 225 (1987), that the determination of whether a document was prepared in anticipation of litigation is fact-dependent.[4] In the words of the Court:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Id.*

Given this standard of review, we need not decide if every action an insurance company takes in the appraisal of a claim is privileged work product, for we are confronted with a specific type of action—the taking of a "statement," as that term is defined in Rule 26(b)(3),[5] from an insured who was involved in an accident in which a claim has been filed against the insurer. While not accepting that every document an insurer may prepare in the "wake of an accident" is protected work-product, we do find it perceptually and logically implausible that an insured's statement, which is taken as a consequence of an occurrence which has engaged his insurance coverage, could be for a purpose other than anticipated litigation. Cf., *Mission National Insurance Co. v. Lilly*, 112 F.R.D. 160 (D.Minn.1986). Here, the filing of the Plaintiffs' claim, which placed the Defendant's insurer on notice that they were alleging that their injuries and losses had resulted from the Defendant's fault, resolves any doubt, however remote, we might otherwise have had as to the purpose of the Defendant's statement. Although not obtained in response to a request from trial counsel, the express language of Rule 26(b)(3) includes documents prepared by a "surety, indemnitor, [or] insurer," among others, within the scope of its coverage as privileged work-product.

■ Our conclusion, that the Defendant's statement is of the type that requires the Plaintiffs to make the requisite showings of substantial need and undue hardship, is corroborated by the language contained in the second paragraph of Rule 26(b)(3). In the second paragraph, the drafters of the Rule expressly excluded certain types of statements from the qualified protection of the Rule in the following terms:

> A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person.

The Rule specifies no other exceptions, even though the drafters clearly recognized the significance of a statement that has been given by a party who is subsequently involved in litigation. The Advisory Committee Notes to the 1970 Amendments to Rule 26(b)(3), comment as follows:

---

**4.** The cases which address the privileged nature of a party's statement are divided, and we find no useful purpose in attempting to apply or to distinguish one ruling or another. The spectrum of holdings extends from that enunciated in *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 372–73 (N.D.Ill.1972) (statements of a party to a non-attorney are conclusively presumed to be non-privileged) to that espoused in *Fontaine v. Sunflower Beef Carrier, Inc.*, 87 F.R.D. 89 (E.D.Mo.1980) (any documents prepared in the wake of an accident are prepared in anticipation of litigation). In this Circuit, the work-product privilege is fact-dependent and, as the text of our Opinion makes clear, we follow that approach here. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir.1987); cf., *Airheart v. Chicago and North Western Transp. Co.*, 128 F.R.D. 669, 671 (D.S.D.1989).

**5.** In this respect, Rule 26(b)(3) provides:

> For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Our *in camera* review confirms that the document in dispute is a Rule 26(b)(3) statement.

**Party's Right to Own Statement.**—An exception to the requirement of this subdivision enables a party to secure production of his own statement without any special showing. The cases are divided. [Citations omitted].

Courts which treat a party's statement as though it were that of any witness overlook the fact that the party's statement is, without more, admissible in evidence. Ordinarily, a party gives a statement without insisting on a copy because he does not yet have a lawyer and does not understand the legal consequences of his actions. Thus, the statement is given at a time when he functions at a disadvantage. Discrepancies between his trial testimony and earlier statement may result from lapse of memory or ordinary inaccuracy; a written statement produced for the first time at trial may give such discrepancies a prominence which they do not deserve. In appropriate cases the court may order a party to be deposed before his statement is produced. E.g., *Smith v. Central Linen Service Co.*, 39 F.R.D. 15 (D.Md.1966); *McCoy v. General Motors Corp.*, 33 F.R.D. 354 (W.D.Pa. 1963).

We note that the same considerations apply to a statement that has been taken by an insurance adjustor of an insured.[6] Had the promulgators of Rule 26(b)(3) chosen to exempt such statements from the special showing requirements of that Rule, they would have so provided. Applying the principles of *expressio unius est exclusio alterius*, we conclude that the party seeking the production of a statement of another party is required to comply with the special showing requirements of Rule 26(b)(3).

2. *Will the Plaintiffs be Unable to Obtain the Substantial Equivalent of the Defendant's Statement by Other Means Without Undue Hardship?*

■ The Plaintiffs contend that they "should be allowed to obtain [the Defendant's] statement as they are unable to obtain the equivalent information of a statement taken such a short time after the collision." More particularly, the Plaintiffs assert that the statement is necessary in order "to refresh the Defendant's recollection, and may also be valuable impeachment information." [7]

In response, the Defendant notes that there are two conditions which must be fulfilled in order to compel the production of work-product documents, and that the Plaintiffs have failed to satisfy either prerequisite. First, the Defendant argues, the Plaintiffs have made no showing that the Defendant's recollection needs refreshing and, secondly, the Plaintiffs have ignored the requirement that they demonstrate an "undue hardship" should the statement not be produced.

If, as the Plaintiffs argue, their interest in securing the Defendant's statement, or the mere passage of time between the taking of a party's statement and the noting of that party's deposition, were sufficient to overcome the work-product doctrine, then the express preconditions of Rule 26(b)(3), which pinion the production of the statement upon the unavailability of any substantial equivalent, except at an undue hardship, would be meaningless. Here, the Plaintiffs have not obtained the Defendant's deposition and, at this preliminary stage of this action, there is no showing that the Defendant is unable to recall the circumstances which surrounded the

---

**6.** We recognize that, in the usual case, the interests of the adjustor, as an agent of the insured's carrier, are aligned with those of the insured, and that, in the usual case, the same would not be the case if the adjustor were transcribing a statement from an adverse party. Nevertheless, at the time the statement is taken, the insured is not represented by counsel and the statements that he should make can be used for impeachment purposes. We are unable to conclude that, in every instance, the interests of an insurer and its insured are aligned, given the plethora of

coverage issues—among other potentially conflicting interests—which may evolve during the processing of an insurance claim.

**7.** Given the express language of Rule 612, Federal Rules of Evidence, if the Defendant were to utilize his statement in order to refresh his recollection during the course of his testimony or, under some circumstances, before testifying, then the Plaintiffs would be entitled to review his statement prior to their cross-examination of the Defendant.

occurrence of the accident.[8] The mere fact that the Plaintiffs are interested in utilizing the statement, for such impeachment purposes as it might bear, is unpersuasive. Mere speculation as to the content of the statement is unavailing to satisfy the express prerequisites of Rule 26(b)(3). The Rule calls for a "showing," and not a mere hypothesis.

On the showing that the Plaintiffs have currently made, we are unable to conclude that they will be unable to obtain the substantial equivalent to the Defendant's statement, through formal and informal discovery, nor is there a showing that an equivalency to the Defendant's statement will cause the Plaintiffs an undue hardship. Accordingly, the Plaintiffs' Motion is denied.

NOW, THEREFORE, It is—

ORDERED:

That the Plaintiffs' Motion to Compel [Clerk Docket No. 10] the Defendant to produce the statement he provided to his insurer, on or about October 17, 1987, shall be, and hereby is DENIED.

---

**8.** In an effort to be illustrative, but not exhaustive, we believe that a requisite showing for the production of a defendant's statement could be found if the defendant were to have developed an incompetency, of one form or another, to testify about the circumstances of an accident following the taking of his statement, and before he is called upon to testify on the same subject matter.