**John STEWART, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Corporation, Defendant.**

**Civ. No. 5–94–153.**

United States District Court,
D. Minnesota,
Fifth Division.

July 6, 1995.

---

Paul A. Strandness, for plaintiff.

Patrick J. Sweeney, for defendant.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion to Compel a Rule 35 orthopedic examination of the Plaintiff.

A Hearing on the Motion was conducted on July 6, 1995, at which time the Plaintiff appeared by Paul A. Strandness, Esq., and the Defendant appeared by Patrick J. Sweeney, Esq.

For reasons which follow, we deny the Motion to Compel.

### II. *Discussion*

This action was commenced on December 2, 1994, and seeks to recover damages, under the provisions of the Federal Employers Liability Act, Title 45 U.S.C. § 51 *et seq.*, for an injury that the Plaintiff allegedly sustained to his back while in the employ of the Defendant Railroad. Following the commencement of the action, the Defendant scheduled a Rule 35 orthopedic examination of the Plaintiff before Dr. Elmer Salovich. Shortly after that scheduling, counsel for the Plaintiff advised the Defendant that, in view of the previous examination of the Plaintiff—which had been undertaken at the Defendant's insistence—by Dr. Charles Burton, the Plaintiff would decline any further independent medical examination by the Defendant.

In fact, the Defendant had completed an examination of the Plaintiff in accordance with the terms of a Wage Continuation Agreement ("Agreement") that the parties had entered following the Plaintiff's injury. Among the provisions of the Agreement was one which obligated the Plaintiff to "[s]ubmit to second opinions when [the Defendant] requested." At the instance of the Defendant, Dr. Burton, who is the Medical Director at the Institute for Low Back Care and who is, we understand, an orthopedist, conducted what he has described as an "Independent Medical Examination" of the Plaintiff on November 14, 1994. In the course of that examination, Dr. Burton reviewed the Plaintiff's medical history, conducted a radiological review of certain CT Scans and X-rays of the Plaintiff's back, and completed a physical examination of the Plaintiff. Upon the basis of that examination, Dr. Burton related his impressions and recommendations in a written report to the Defendant. The cost of Dr. Burton's examination of the Plaintiff was borne by the Defendant and the examination was approved, in advance, by the Defendant's Claims Department.

Since the Defendant has had occasion to have the Plaintiff physically examined by an orthopedist of its choice, at a time in close proximity to the commencement of this litigation, the Plaintiff contends that the Defendant has failed to demonstrate any "good cause" for a re-examination of the Plaintiff— a showing that is required by Rule 35, Federal Rules of Civil Procedure.[1] In response,

---

1. In pertinent part, Rule 35 provides as follows: When the * * * physical condition * * * of a party * * * is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner * * *. The Order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, con-

the Defendant argues that the examination by Dr. Burton was completed before this litigation commenced and it was not an examination that the Defendant's attorneys had scheduled. Further, counsel for the Defendant has expressed some concern that Dr. Burton may have continued in his treatment of the Plaintiff, following his limited engagement by the Defendant, which may have created a physician/patient relationship with an attendant doctor/patient privilege. As a consequence of their reluctance to intervene in what they felt might be a privileged relationship, counsel for the Defendant have refrained from any further contact with Dr. Burton.

With respect to the physician/patient relationship that might have otherwise existed between the Plaintiff and Dr. Burton, counsel for the Plaintiff has represented to the Court that no treating-physician relationship has ever existed between the Plaintiff and Dr. Burton, and that the Plaintiff claims no physician/patient privilege to have been created as a result of his dealings with Dr. Burton. As a consequence, the Plaintiff has no objection—nor any basis to object—to the Defendant's continued consultation with Dr. Burton. We, therefore, can find no fetters upon the Defendant's free access to Dr. Burton for the purpose of further evaluating the physical condition of the Plaintiff's back and the relationship, if any, between that condition and the Plaintiff's employment with the Defendant or with any pre-existing, congenital anomaly. Accordingly, to the extent that the Defendant has had prior concern that its access to Dr. Burton has been unduly constrained through no fault of its own, we are satisfied that the concern is unfounded.

As we have observed elsewhere, "we interpret Rule 35 as a forthright attempt to provide a 'level playing field' between the parties in their respective efforts to appraise the Plaintiff's [physical] state." *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D.Minn.1993), citing *Looney v. National Railroad Passenger Corporation*, 142 F.R.D. 264, 265 (D.Mass.1992). Given the Defendant's recent opportunity to

have the Plaintiff orthopedically examined with respect to the same physical condition that is in controversy here, and in light of the Defendant's unhindered ability to further consult with Dr. Burton without the pre-approval of the Plaintiff, we regard the "playing field" before us to be even. Should some unleveling occur in the future, either party is at liberty to seek relief from this Court. Cf., *Peters v. Nelson*, 153 F.R.D. 635, 638 (N.D.Iowa 1994) (reciting frequent bases for a second Rule 35 examination). At this time, however, the Defendant has failed to demonstrate good cause for a second orthopedic examination of the Plaintiff, and its Motion to Compel is denied.

NOW, THEREFORE, It is—

ORDERED:

That the Defendant's Motion to Compel a Rule 35 orthopedic examination of Plaintiff [Docket No. 11] is DENIED.

ditions, and scope of the examination and the person or persons by whom it is to be made. There is no contention that any of the preconditions to a Rule 35 examination, with the exception of the element of "good cause," is at issue here.