[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims that she sustained personal injuries when the defendant's vehicle negligently struck her vehicle. The defendant has moved to compel the production of a statement of the plaintiff tape-recorded by an agent of the plaintiff's liability insurer. The plaintiff objects claiming that absent the showing required by Practice Book § 219, the statement is protected from disclosure.
Practice Book § 219 provides in relevant part that, except for circumstances not applicable here, "a party may obtain discovery of documents and tangible things otherwise discoverable . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue CT Page 13245 hardship to obtain the substantial equivalent of the materials by other means." (Emphasis added.) Practice Book § 216(3) defines "representative" to include an "agent, attorney, consultant, indemnitor, insurer, and surety."
Under the plain wording of Practice Book §§ 216(3), 219, the plaintiff's statement to the agent of her insurer in the aftermath of this motor vehicle accident is protected from disclosure, absent the showing required by Practice Book § 219. See also 8 Wright, Miller Marcus, Federal Practice Procedure § 2024, discussing Fed.R.Civ.Proc. 26(b)(3) on which Practice Book § 219 was patterned and the cases and comments to which this court may refer for guidance[1]; Raso v. CMC Equipmentrental, 154 F.R.D. 126, 127-128 (E.D.Pa. 1994); Suggs v.Whitaker, 152 F.R.D. 501, 505-506 (M.D.N.C. 1993); Banks v.Wilson, 151 F.R.D. 109, 111-112 (E.D.Minn. 1993); Hamilton v.Canal Barge Co., Inc., 395 F. Sup. 975, 976 (E.D.La. 1974).
The motion to compel is denied and the objection thereto sustained.
BY THE COURT
Bruce L. LevinJudge of the Superior Court