**John CARSON and Marion Carson**

v.

**MAR–TEE INC. and Carlos Rios.**

**Civil Action No. 95–1042.**

United States District Court,
E.D. Pennsylvania.

March 12, 1996.

S. Richard Klinges, III, Begley, Carlin & Mandio, Langhorne, PA, for Plaintiffs.

William D. Kennedy, White and Williams, Paoli, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

This action concerns an automobile accident in which Defendant Mar–Tee Inc.'s truck, driven by Defendant Carlos Rios, struck the rear of Plaintiffs John and Marion Carson's truck, allegedly after skidding on ice on the road. Plaintiffs' Motion is to compel the production of a statement Rios made to Mar–Tee's insurance adjuster sever-

al months after the accident pursuant to Federal Rule of Civil Procedure 26(b)(3), the work product shield rule.[1]

■ Preliminarily, Plaintiffs argue that only the attorney-client privilege, and not the work product protection, shields statements made by a party to an action. *Daniels v. Hadley Mem. Hosp.*, 68 F.R.D. 583, 585–86 (D.D.C.1975). Because Defendants did not raise the attorney-client privilege in their objection to the instant discovery requests, Plaintiffs contend that the privilege is waived and Rios's statement has no protection.

*Daniels* does not expressly hold that a party's statement has no work product protection and for that reason is not persuasive on this point. Moreover, to the extent that *Daniels* can be read to support Plaintiffs' interpretation, that case, decided by a different Court more than twenty years ago, is not controlling on this Court. This is especially so when it is contrary to much other caselaw. *See e.g., Raso v. CMC Equip. Rental, Inc.*, 154 F.R.D. 126, 129 (E.D.Pa.1994); *Suggs v. Whitaker*, 152 F.R.D. 501, 508 (M.D.N.C. 1993); *Banks v. Wilson*, 151 F.R.D. 109, 111 (D.Minn.1993).

■ Plaintiffs also profess that Rios's statement was made in the ordinary course of business, not in anticipation of litigation, and that therefore, Rule 26(b)(3) does not apply to protect it. They cite *Harper v. Auto–Owners Ins. Co.*, 138 F.R.D. 655 (S.D.Ind.1991) for the proposition that a document is protected only if it is created at a time when the prospect of litigation is not too remote and also only if the document is actually prepared for litigation, and not, in the insurance context, to arrive at or buttress an insurance coverage decision. Plaintiffs maintain that Defendants have not made an adequate showing that Rios's statement was made in anticipation of litigation and that therefore, there is no protection for it.

In response, Defendants point to several factors they maintain show that the statement was taken in anticipation of litigation.

1. According to Plaintiffs, Rios averred that he also prepared an accident report for Mar–Tee's insurer, but that Defendants have denied possessing such a report. In their response to this Motion, Defendants allege that they located and provided the accident report to Plaintiffs on the same day that Plaintiffs filed this Motion.

First, that the statement was taken of one Defendant by another Defendant's insurer. Second, that the statement was taken months after Plaintiffs' counsel had notified the insurer of the Plaintiffs' claims. Finally, that litigation "was a virtual certainty" given the facts of the case, "a rear-end vehicular accident in Philadelphia County."

We find that Defendants have adequately shown that the statement was taken in anticipation of litigation. Accordingly, we find that the protections of Rule 26(b)(3) can apply to Rios's statement.

■ Assuming that the work-product protection does apply, Plaintiffs next contend that they have demonstrated substantial need for the statement and are entitled to it under Rule 26(b)(3). Their articulated substantial need[2] is first, that Rios's deposition testimony was allegedly inconsistent. His statement, therefore, is allegedly important for the purpose of impeachment. Second, that there is an issue as to the cause of the accident and that if ice were truly involved in the accident, it would be mentioned in the statement, which they assert is Rios's most contemporaneous statement about the accident.

At his deposition, Defendants' counsel clarified one of Plaintiffs' counsel's questions and asked Rios, "Do you remember what you told [the insurance representative when he made the statement]?" and Rios answered, "No, I don't remember." Next, Plaintiffs' counsel asked, "So you don't remember today whether you told this person over the telephone about the ice?" to which Rios responded, "Yes. I told them about the ice."

Defendants insist that this dialogue does not reflect inconsistency. They point to the two different questions Rios answered and maintain that his answers are consistent with each other. Further, they object to Plaintiffs' categorical assertion that work-product is always discoverable if it could be impeachment material. Finally, they allege that Rios's statement is not the most contempora-

neous statement, but rather, that statements made at the accident scene and accident data collected by Defendants within days of the accident are.

We find that Plaintiffs have not demonstrated substantial need for Rios's statement. We disagree that Rios's deposition testimony was inconsistent and find that his statement, made months after the accident, is not the most contemporaneous. For these reasons, Plaintiffs have not made the requisite showing that would entitle them to production of the statement under Rule 26(b)(3). Accordingly, Plaintiffs' Motion to Compel is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of March, 1996, upon consideration of the Motion to Compel the Defendant's Statement and the response thereto, the Motion is hereby DENIED.

---

**2.** Plaintiffs' recitation of the facts places great importance on the fact that at his deposition, Rios could not remember the name of a passenger in his truck at the time of the accident. The parties appear to agree that this witness would be important to this action. Plaintiffs' "substantial need" argument, however, makes no reference to this issue, possibly because, according to Defendants, Plaintiffs are now aware of the passenger's identity through the production of other discovery.