Tom SAUER, Plaintiff,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Corporation, Defendant.**

Civ. No. 6–95–198.

United States District Court, D. Minnesota, Sixth Division.

May 6, 1996.

Paul A. Strandness, Minneapolis, MN, for Tom Sauer.

Patrick J. Sweeney, Spence Ricke & Thurmer, St. Paul, MN, for Burlington Northern Railroad Company.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion to Compel the production of certain handwritten statements, and to Compel the conduct of a Rule 35 orthopedic examination of the Plaintiff.

A Hearing on the Motions was conducted on May 2, 1996, at which time the Plaintiff appeared by Paul A. Strandness, Esq., and the Defendant appeared by Patrick J. Sweeney, Esq.

For reasons which follow we deny the Motion to Compel the production of the handwritten statements, and we grant the Motion

to Compel the conduct of a Rule 35 examination.

## II. *Factual and Procedural Background*

This is an action, pursuant to the Federal Employers' Liability Act, Title 45 U.S.C. § 51 *et seq.* ("FELA"), in which the Plaintiff seeks to recover damages for an injury to his neck, shoulder, arm and wrist, that he claims to have sustained while in the course and scope of his employment with the Defendant. At his deposition, the Plaintiff expressed some uncertainty over the date and location of the alleged accident, and concerning the circumstances which purportedly caused his injuries. From his perspective, the Plaintiff maintains that his uncertainty is attributable to the fact that his injuries are as a result of a series of cumulative traumas on the jobsite.

In Answers to Interrogatories, and later at his deposition, the Plaintiff acknowledged that associates with the law firm that is representing him obtained written statements from two of the Plaintiff's co-workers. Since, in the Plaintiff's view, these statements were taken at the direction of his lawyers, and were designed to elicit responses which his lawyers thought to be relevant to the issues in this case, the Plaintiff has refused to produce these statements on the basis of the attorney work-product doctrine. While disputing the proper application of that doctrine as a shield to statements' production, the Defendant notes that, at his deposition, the Plaintiff admitted to having reviewed one of the statements—that of Roger Ottman ("Ottman")—in preparation for that deposition, and he acknowledged that he had "glanced" through the other statement—which pertained to Robert Salner ("Salner")—about one month prior to the deposition. Accordingly, the Defendant maintains that, even if the statements should be privileged within the meaning of Rule 26(b)(3),

Federal Rules of Civil Procedure, that privilege was voluntarily waived, in accordance with Rule 612, Federal Rules of Evidence.

In related discovery, the Defendant had scheduled a Rule 35 examination of the Plaintiff to be undertaken, by an orthopedist, on February 27, 1996. Notwithstanding the provision of nearly one month of notice, the Plaintiff advised, at the time of his deposition—some six days before the scheduled exam—that he would not be submitting to that examination. The Plaintiff does not object to a Rule 35 examination by the same orthopedist, if it were solely limited to his complaints of having sustained a carpal tunnel syndrome, but he is not desirous of a more expansive examination. In particular, the Plaintiff notes that, in June of 1994—approximately fifteen months before this action was commenced—the Defendant scheduled the Plaintiff for a neurological examination as a adjunct to his participation in the Defendant's Wage Continuation program. Under that program, the Defendant continues to pay the Plaintiff's wages and medical bills during a period of convalescence and, in exchange, the Plaintiff agrees to submit to "second opinion" examinations at the Defendant's direction. The Plaintiff maintains that, since he submitted to a neurological examination at the Defendant's insistence, he should not be required to now undergo an orthopedic examination.

## III. *Discussion*

■ A. *Motion to Compel Written Statements.* During the course of the Hearing, we directed counsel for the Plaintiff to submit, for the Court's *in camera* review, a copy of the written statement of Ottman, which the Plaintiff had reviewed in preparation for his deposition.[1] Our review of that statement has now been completed, and we

---

1. Since, under any view of the Record before us, the Salner statement was not employed by the Plaintiff to refresh his recollection for deposition purposes, we have no occasion to demand its production for *in camera* review. We would further note that the Defendant has not, either informally or formally, questioned Salner or Ottman and, therefore, the Defendant is in no position to represent to the Court that the same information, as is contained in the challenged statements, is not fully available to the Defendant

upon a proper inquiry of Salner and Ottman. As a consequence, we conclude that the Defendant has failed to demonstrate either a "substantial need" for the statements, or any "undue hardship" if the statements are not produced by the Plaintiff. See, *Banks v. Wilson*, 151 F.R.D. 109, 112–113 (D.Minn.1993). Given the preliminary nature of the Defendant's Motion, however, our ruling at this time is not intended to foreclose a revisiting of the issue if proper cause for the disclosure of either statement is shown.

conclude that the attorney work-product privilege, which initially attached to the document, has not been waived.

■ As we have recognized elsewhere, the work-product privilege may be waived, as a direct consequence of Rule 612, Federal Rules of Evidence, if the protected document is utilized to refresh the recollection of a witness.[2] See, *Banks v. Wilson*, 151 F.R.D. 109, 113 n. 7 (D.Minn.1993). In relevant part, Rule 612 provides that if, before testifying, "a witness uses a writing to refresh memory for the purpose of testifying * * *, [and] if the court in its discretion determines it is necessary in the interests of justice, [then] an adverse party is entitled to have the writing produced * * * to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Necessarily, " 'the potential for conflict [that] exists between Rule 612, which favors disclosure of materials used to refresh a witness' recollection, and the work-product privilege' is resolved by the courts on a case-by-case basis by balancing 'the competing interests in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule.' " *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 470 (S.D.N.Y.1993), quoting *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 119 F.R.D. 4, 5 (E.D.N.Y. & S.D.N.Y.1988). We have struck that balance through our *in camera* review of the Ottman statement, which satisfies us that nothing of substance could have been drawn from that statement which would have refreshed the Plaintiff's recollection in any appreciable way, or would have assisted defense counsel in the questioning of the Plaintiff.[3]

**B.** *Motion to Compel Rule 35 Examination.*

■ In *Stewart v. Burlington Northern R. Co.*, 162 F.R.D. 349 (D.Minn.1995), the same issue as is presented here, was submitted for our consideration by the very same attorneys who appear in this litigation. There, we denied a Motion to Compel a Rule 35 orthopedic examination, because the Defendant had required the Plaintiff to submit to an orthopedic examination as a part of the Defendant's Wage Continuation Program. In so denying a re-examination of the Plaintiff, we explained as follows:

> Given the Defendant's recent opportunity to have the Plaintiff orthopedically examined with respect to the same physical condition that is in controversy here, and in light of the Defendant's unhindered ability to further consult with [the examining orthopedist], we regard the "playing field" before us to be even. Should some unleveling occur in the future, either party is at

**2.** Rule 612 is applicable to depositions by virtue of the first sentence of Rule 30(c), Federal Rules of Civil Procedure. *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 470 n. 5 (S.D.N.Y.1993); and cases cited therein.

**3.** Although addressed in the context of criminal proceedings, our Court of Appeals has underscored the specificity with which a witness's reliance upon a privileged document must be established before a wholesale access to that document will be permitted. As the Court observed in *United States v. Darden*, 70 F.3d 1507, 1540 (8th Cir.1995), cert. denied, — U.S. ——, 116 S.Ct. 1449, 134 L.Ed.2d 569 (1996), quoting *United States v. Larranaga*, 787 F.2d 489, 501 (10th Cir.1986), "Rule 612 requires only 'disclosure of the passage actually used by the witness, and other portions relating to the same subject matter.' " This is so, because "Rule 612 is not a vehicle for a plenary search for contradictory or rebutting evidence that may be in a file but rather is a means to reawaken recollection of the witness to the witness's past perception about a writing." *United States v. Sheffield*, 55 F.3d 341, 343 (8th Cir.1995). Accordingly, "even where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party." *Id.*, citing 28 Wright & Gold, *Federal Practice and Procedure* § 6185, p. 465 (1993).

While we have no occasion here to isolate the factors which will weigh critically in determining whether a disclosure, for the purposes of refreshing a recollection, will be a sufficient waiver of any work-product privilege, we think it wise for the disclosing counsel to recognize, as we have recognized elsewhere, "that it is unfair to permit a party to make use of privileged information as a 'sword' with the public, and then as a 'shield' in the courtroom." *Demming v. Housing & Redevelopment Authority*, 847 F.Supp. 130, 133 (D.Minn.1994). Disclosing a privileged document, even within the context of Rule 612, is not without attendant danger that any applicable privilege will be effectively surrendered.

liberty to seek relief from this Court. Cf., *Peters v. Nelson*, 153 F.R.D. 635, 638 (N.D.Iowa 1994) (reciting frequent bases for a second Rule 35 examination).

*Id.* at 351.

We continue to "interpret Rule 35 as a forthright attempt to provide a 'level playing field' between the parties in their respective efforts to appraise the Plaintiff's [physical] state." *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D.Minn.1993), citing *Looney v. National Railroad Passenger Corporation*, 142 F.R.D. 264, 265 (D.Mass.1992).

By his own recounting, the Plaintiff's injuries, which he ascribes to the Defendant's fault, have been examined and/or treated by one general practitioner, one chiropractor, two neurologists, three neurosurgeons, one hand surgeon, and one orthopedic surgeon—all of the Plaintiff's own selection. While we are unable to ascertain, at this early date, which of the health care professionals—from this expansive array—will testify at trial, we see no unevening of the playing field in allowing the Defendant an orthopedic consult—nearly two years after the original neurological examination—in order to responsibly assess the Plaintiff's physical condition and prognosis. Where, as here, a significant period of time has expired since the first examination of the Plaintiff at the Defendant's behest, and where the re-examination will draw upon the expertise of a different, but medically appropriate discipline, we can find no basis upon which the Plaintiff may validly object.

Accordingly, the Motion to Compel a Rule 35 orthopedic examination of the Plaintiff is granted.[4]

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion to Compel the production of two written statements [Docket No. 11] is DENIED.

2. That the Defendant's Motion to Compel a Rule 35 orthopedic examination of the Plaintiff [Docket No. 11] is GRANTED.

---

**4.** Strictly construed, Rule 35(a), Federal Rules of Civil Procedure, would require that we "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." In this District, this aspect of a Rule 35(a) Order is routinely deferred to the parties so that they might accommodate each other's interests and the Plaintiff's availability. As a consequence, we do not incorporate such specific terms in this Order but, absent agreement by the parties, the Court will be prepared to do so.