**Katherine S. O'SULLIVAN, Plaintiff,**

v.

**STATE OF MINNESOTA, Minnesota State Colleges and University System (MNSCU), Lake Superior College, f/k/a Duluth Technical College, and Dr. Harold Erickson, individually, Defendants.**

**No. Civ. 97–2080 (JMR/RLE).**

United States District Court,
D. Minnesota.

Oct. 10, 1997.

---

Daniel E. Warner, Eagan, MN, for Plaintiff.

Kristine I. Legler Kaplan, Asst. Minn. Atty. Gen., St. Paul, MN, for Defendants.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendants' Motion to Compel a psychological examination of the Plaintiff. See, *Rule 35, Federal Rules of Civil Procedure.*

A Hearing on the Motions was conducted on October 9, 1997, at which the Plaintiff appeared by Daniel E. Warner, Esq., and the Defendants appeared by Kristine I. Legler Kaplan, Assistant Minnesota Attorney General. For reasons which follow, we deny the Motion.

### II. *Factual and Procedural Background*

In this action, the Plaintiff was formerly employed as the Gender Equity/Women's Resource Center Coordinator at the Lake Superior College, and she alleges that her position was terminated by the Defendants for reasons which are unlawful. In her Complaint, she has asserted a series of claims against the Defendants, including causes of action for gender discrimination in violation of both State and Federal law; a claim arising under Title 42 U.S.C. § 1983, in which the Plaintiff asserts that she was terminated in retaliation for her exercise of her constitutional right of free expression; and she also

alleges certain other State statutory and common law claims.

Although she has not alleged a claim for an intentional or negligent infliction of emotional distress, in each of the claims that she has pled, the Plaintiff has asserted, in varying ways, that the Defendants' conduct caused her to suffer "mental anguish," "embarrassment and humiliation," or "emotional distress," and she alleges that she "is reasonably certain to suffer these damages in the future." Nevertheless, since the filing of her Complaint, the Plaintiff has determined not to present, at Trial, any expert testimony as to the existence of any medical or psychological impairment and, in a letter, her counsel has represented that the Plaintiff "is not claiming a diagnosable medical or psychological condition resulting from her impairment * * *." Furthermore, the Plaintiff testified at her deposition that she considers herself to be in "good mental health," and that she has not sought any psychiatric or mental health treatment within the last ten years—although she did confide with certain of her friends, who serve as mental health counselors, that she was "having a hard time" shortly after her termination. In addition, at her deposition, the Plaintiff testified that, after her termination from employment, she had experienced some feelings of sadness and embarrassment, and she had experienced difficulty in sleeping during the two months that followed her termination.

Arguing that the Plaintiff's pleadings and deposition testimony have placed her mental condition "in controversy," the Defendants seek to have the Plaintiff examined by their expert, Dr. Patricia Aletky, who is a licensed psychologist. The Plaintiff opposes the proposed examination, not because she has any reservations about Dr. Aletky's methodology or qualifications, but because she does not believe that she has placed her mental state "in controversy" and, further, because the Defendants have failed to demonstrate the "good cause" which would warrant such an examination.

### III. Discussion

As we have previously observed on a number of occasions, Rule 35 exists "as a forthright attempt to provide a 'level playing field' between the parties in their respective efforts to appraise the Plaintiff's psychological state." *Tomlin v. Holecek,* 150 F.R.D. 628, 632 (D.Minn.1993), citing *Looney v. National Railroad Passenger Corp.,* 142 F.R.D. 264, 265 (D.Mass.1992); see also, *Sauer v. Burlington Railroad Co.,* 169 F.R.D. 120, 124 (D.Minn.1996); *Stewart v. Burlington Northern Railroad Co.,* 162 F.R.D. 349, 351 (D.Minn.1995). Nevertheless, when a plaintiff's mental condition has not been placed "in controversy," as that term is employed in Rule 35, the playing field is not uneven, and no leveling is required. In such a circumstance, "good cause" is not presented which warrants the plaintiff to undergo the invasive examination contemplated by the Rule.[1]

In *Schlagenhauf v. Holder,* 379 U.S. 104, 118–19, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964), the Court concluded that the "in controversy," and the "good cause" requirements of Rule 35, were not satisfied "by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination." Here, the Complaint's bare and boilerplate allegations of "mental anguish," "emotional distress," and "embarrassment and humiliation," provide a legally insufficient basis for concluding that the Plaintiff's mental condition is "genuinely in controversy," or that "good cause exists for ordering [the] examination." We are mindful that some Courts have concluded that—standing alone—a plaintiff's allegation of emotional pain and distress, suffered at the instance of the defendants, is sufficient to allow a finding that her mental state has been placed in controversy, see, e.g., *Jansen*

1. As pertinent, Rule 35(a) provides the following: When the mental or physical condition of a party * * * is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner * * * The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties * * *.

*v. Packaging Corp. Of America,* 158 F.R.D. 409, 410 (N.D.Ill.1994), but we continue to disagree, respectfully, with such a construction of the "in controversy" element. For example, in *Tomlin v. Holecek,* supra at 630, we determined that, as employed in Rule 35, "the term 'mental' refers to 'mental disorders and psychiatric aberrations,'" and that, "[t]o put his mental condition in controversy, a plaintiff must assert a claim of mental or psychiatric injury." In reaching this conclusion, we were persuaded by the reasoning in *Cody v. Marriott Corp.,* 103 F.R.D. 421, 422 (D.Mass.1984), where the Court declined to find that the plaintiff had placed her mental condition in controversy solely on the basis of her allegation that she had suffered "physical and emotional distress" as a result of the defendants' conduct.

■ Moreover, our construction of the "in controversy" requirement is not novel, and has been enunciated by other Courts which have found that a plaintiff places a mental condition in controversy when "'a claim of mental or psychiatric injury'" is alleged, *Turner v. Imperial Stores,* 161 F.R.D. 89, 93 (S.D.Cal.1995), citing *Peters v. Nelson,* 153 F.R.D. 635, 638 (N.D.Iowa 1994), citing in turn *Tomlin v. Holecek,* supra at 630, and that mere allegations of "mental pain and anguish" do not suffice. *Bennett v. White Laboratories, Inc.,* 841 F.Supp. 1155, 1158 (M.D.Fla.1993). In this respect, in *Turner v. Imperial Stores,* supra at 95, after a comprehensive review of the pertinent authorities, the Court determined that Rule 35 Motions, which seek Court-ordered mental examinations, are typically granted when one or more of the following factors are present:

1. a cause of action for intentional or negligent infliction of emotional distress;

2. an allegation of a specific mental or psychiatric injury or disorder;

3. a claim of unusually severe emotional distress;

4. the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or

5. the plaintiff's concession that her mental condition is "in controversy" within the meaning of Rule 35.

We find none of these showings to be presented here.

Lastly, we are satisfied that the playing field in this case is not presently in need of leveling. The Plaintiff has previously testified—without qualification—that she is in good mental health, and she has unequivocally represented that she is not seeking to recover for a diagnosable psychological condition or disorder, and that she will not be offering expert testimony at Trial as to her mental condition. Moreover, at the Hearing on this Motion, the Plaintiff's counsel went one step further, and assured the Court that the Plaintiff will not present at Trial any expert testimony in any form—including her own testimony as one trained in the field of mental health—which would assert that she has suffered a clinically diagnosable psychological illness, condition or disorder. More importantly, Plaintiff's counsel expressed no objection to our precluding any such evidence as a precondition to our denial of the Motion to Compel a Rule 35 examination and, therefore, such a preclusion is here prescribed.

For these reasons, the Defendants' Motion is denied.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendants Motion for an Order Compelling the Plaintiff to undergo a Rule 35 psychological examination [Docket No. 22] is DENIED.

2. That the Plaintiff shall be precluded from offering, at Trial, any expert evidence—including her own testimony, or that of other lay persons—that she suffers from any diagnosable psychological illness, condition or disorder, which is attributable to the Defendants.