RAMIREZ, Judge
(dissenting).
I respectfully dissent. I would grant the petition for writ of certiorari because the trial court’s order precludes petitioner New Commodore Cruise Lines, Ltd., Inc. from obtaining defense medical examinations of respondent Ralston Moodie. While the majority probably agrees that the order departs from the essential requirements of law, it is denying the petition in the exercise of its discretion. I believe that New Commodore Cruise Lines will suffer irreparable harm which cannot be corrected on appeal after final judgment.
Moodie was a crew member aboard New Commodore Cruise Lines’ vessel when he suffered eye and skull injuries, as well as brain damage, during a lifeboat drill. New Commodore flew Moodie to Jackson Memorial Hospital in Miami, Florida for treatment. The emergency room physicians first treated Moodie at the trauma center and then referred him to various specialists.
New Commodore provided, maintenance and cure through U.S. Maritime Consul *792 tants, the firm that handles its claims. Moodie executed written waivers so that his treating physicians could provide U.S. Maritime Consultants with medical records and written reports regarding his condition.
Moodie filed suit for negligence to recover damages, continued maintenance and cure, and lost wages. When New Commodore sought to compel a defense medical examination of Moodie pursuant to Florida Rule of Civil Procedure 1.360(a), Moodie challenged the request [1] He argued that because New Commodore chose the hospital he was brought to, it in effect chose his treating physicians. Moodie also argued that a defense examination in effect gives New Commodore “two bites at the apple” because New Commodore had access to his medical records through its insurance adjuster, he has not retained any other doctors, and he has waived his patient-physician privilege.
The trial court sustained Moodie’s objection to the defense examinations, holding that further examinations were not warranted because all of Moodie’s experts were physicians hired and paid for pursuant to New Commodore’s obligation of maintenance and cure. In my opinion, this ruling is totally unprecedented and clearly departs from the essential requirements of the law. New Commodore will be trying this case without any defense experts and will, in effect, be deprived of its right to put on a defense. In a case where damages is the only real issue being tried, New Commodore’s role at trial will be limited to cross-examining Moodie’s experts.
“When a plaintiff in a negligence action asserts that he has sustained a mental or physical injury, he places his condition in controversy, and thus good cause for the examination is shown [as required by rule 1.360(a)(2), Florida Rules of Civil Procedure].” Florida Emergency Physicians-Kang and Assocs., M.D., P.A. v. Parker, 800 So.2d 631, 634 (Fla. 5th DCA 2001). “It is not enough that the defendants are allowed to review the plaintiffs medical or psychiatric records and to depose plaintiffs medical or psychiatric experts.” Id.
The trial court’s order hinges on its finding that New Commodore selected the treating physicians. The only “selection” New Commodore made was to fly Moodie from Cozumel to Miami for treatment of his injuries. New Commodore’s relationship with Moodie’s treating physicians is comparable to that of an auto accident victim with a PIP insurance carrier who investigates and pays for certain medical expenses. The treating physicians do not become defense experts by virtue of the fact that the insurance carrier paid the medical bills. Here, New Commodore is being penalized for fulfilling its maintenance and cure obligations as imposed by maritime law. This undermines the public policy behind the Jones Act by encouraging vessel owners to consider which hospital has personnel they would like to have as experts when seeking emergency care for their seamen.
In his response to the petition for certio-rari, Moodie has been unable to cite a single Florida case to support the trial court’s unprecedented ruling. Apparently the only support it could find for the trial court’s order is a federal case out of Minnesota, Stewart v. Burlington Northern Railroad Co., 162 F.R.D. 349, 350-51 *793 (D.Minn.1995) denying a request for successive IMEs. Here, New Commodore has not requested successive examinations. It has been denied any defense examinations.
Additionally, the wrongful exclusion of defense experts is an irreparable harm that cannot be remedied on appeal after final judgment. See Ruiz v. Steiner, 599 So.2d 196, 198 (Fla. 3d DCA 1992) (discovery orders denying the right to take testimony from material witness is irreparable harm that cannot be remedied on appeal). See also Sabol v. Bennett, 672 So.2d 93, 94 (Fla. 3d DCA 1996) (order denying the right to depose a witness inflicts the type of harm that cannot be corrected on appeal). On appeal, this court will be unable to weigh the impact of testimony that was never presented.
I would therefore grant the petition and quash the order under review.

. Trial was originally set for February 14, 2002. The first request for an IME was made on December 27, 2001 with examination scheduled for January 30, 2002. Although the examination would not have been completed in a timely fashion (45 days prior to trial), Moodie did not object to the request as untimely nor did tire trial court base its order on that issue.